GRACE R. VAN DERLIP, Appellant, *v.* HENRY KEYSER et al., Respondents.

Where, upon the trial of an action by a referee, a motion is made on the part of defendant, at the close of the evidence, to dismiss the complaint, which is not passed upon at the time, and the referee subsequently makes his report with findings of fact adverse to plaintiff, and as a conclusion of law finds that the complaint be dismissed, this cannot be considered the same as a nonsuit, but as a disposition of the case upon a consideration of all the testimony.

Assuming that, upon a motion to dismiss the complaint at the close of the testimony, a question arises, the same as upon a motion for a nonsuit, a distinct ruling must be had at the time, or as of the time the motion was made, and before the final submission of the whole case, and an exception taken in order to raise the question that the decision was, as matter of law, that there was no evidence to sustain the complaint; or, at least, a request should be made that the referee decide the motion as of that time and an exception be taken to a refusal. Exceptions merely taken to the referee's findings of fact and to his conclusions of law do not present the point.

*Scofield* v. *Hernandez* (47 N. Y., 313) distinguished.

(Argued January 31, 1877; decided February 13, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendants, entered upon the report of a referee. This action was upon an account.

At the close of the evidence on the trial, defendants' counsel moved for a dismissal of the complaint. No decision of this motion was made at the time. The referee subsequently made his report in the ordinary form, with findings of fact adverse to plaintiff; and, as a conclusion of law, found " that the complaint in this action be dismissed." Plaintiff duly excepted to the findings of fact and to said conclusion of law.

*Samuel Hand* for the appellant.

*Douglas Campbell* for the respondents.

MILLER, J. The motion made to dismiss the plaintiff's complaint at the close of the case was not passed upon at the time when presented, and the referee finally reported upon the entire case adversely to the plaintiff upon the facts and found as a conclusion of law that the complaint be dismissed. The plaintiff's counsel duly excepted to the findings of fact and to the conclusions of law, and it is now claimed by the counsel for the appellant that the decision of the referee is to be regarded the same as if a motion had been made for a nonsuit, without weighing any contradictory evidence, and if, upon any view of the evidence, the plaintiff was entitled to recover the decision was erroneous and should not be upheld. This position we think cannot be maintained, and as the referee has disposed of the case upon the entire evidence, making special findings of facts, it must be considered as decided upon all the testimony presented on both sides upon the trial before him. Any other course would leave out of view the testimony given by the defendants, and prevent a consideration of the same. Such a practice is not authorized in cases of a similar character. In order to raise a question of this character and

present the same for review, the case made up should show
that it was raised and decided upon the trial, and before he
had passed upon the facts.

Assuming that upon a motion to dismiss the complaint at
the close of the testimony a question arises the same as upon
a motion for a nonsuit, a distinct ruling should be had at the
time when the motion was made, or as of that time and
before the final submission of the whole case to the con-
sideration of the referee. At least he should have been
requested to decide the motion as of that time, and if he
had refused to do so an exception taken to such refusal.
If the motion had been granted an exception should have
been taken to his decision. All of these matters should be
made to appear in the case and thus present the question.
As this was not done and an exception merely taken to the
report of the referee upon the facts and to his conclusion of
law, the point is not before us.

The case of *Scofield* v. *Hernandez* (47 N. Y., 313), which
is relied upon by the appellant's counsel to sustain the position
taken, is, we think, distinguishable from the case at bar. In
that case a motion was made for a nonsuit at the close of the
plaintiff's evidence, which was granted and an exception
taken to the decision. It was held that this was a decision
as a matter of law ; that there was no evidence to sustain
the complaint; and if the evidence, although insufficient to
constrain the referee to find for the plaintiff, was such as
would have required the submission of the question to a jury,
and would have been sufficient to sustain a finding for plain-
tiff, it was error. The case at bar differs widely from the one
cited, as in the case at bar there was no such ruling as pre-
sented the question, and the whole case was disposed of upon
the testimony on both sides by the decision of the referee.
Here the case shows a report of the referee with findings
of fact and a conclusion of law, and as these only are excepted
to it cannot be considered the same as if it appeared upon the
record that the motion was decided upon at the time of the
trial, and an exception taken to the ruling. As it stands it

must be regarded that the referee dismissed the complaint after and not before the finding of facts. As the case cannot be considered as decided upon a motion for a nonsuit, it remains to be determined whether any reason exists for interfering with the decision of the referee. A careful perusal of the evidence shows that his report may .be upheld upon some view of the case, and it is not the province of this court to review the facts in such a case. As a general rule questions of fact upon a trial before a referee can only be reviewed in the Supreme Court, and this is not one of the excepted cases where this court can consider the evidence for the purpose of determining whether questions of fact were properly decided by the court of original jurisdiction. (See Code, §§ 268, 272.) As the evidence does not clearly and conclusively establish the claim of the plaintiff, and it is not apparent that the referee erred, no ground appears for disturbing his decision.

The judgment should be affirmed.

All concur.

Judgment affirmed.