HELEN F. WOODBRIDGE, as Trustee of SAMUEL FREEMAN, Deceased, Appellant, *v.* THE FIRST NATIONAL BANK OF SARATOGA SPRINGS, Respondent.

1. TRIAL — NONSUIT — DISMISSAL OF COMPLAINT ON THE MERITS. A decision disposing of a case on the merits is properly rendered upon a motion for a dismissal of the complaint, where the defendant proved its case upon the cross-examination of plaintiff's witnesses and rested at the close of plaintiff's case so that all the matters in issue were before the court at the time the motion was made.

2. APPEAL — WAIVER. The failure of the plaintiff to move for a correction of the record so that the defendant's motion to dismiss the complaint would appear as a motion for a nonsuit and to have the decision of the court which disposed of the case upon the merits limited to the motion as made, constitutes, when coupled with the filing of a general exception to the decision upon the merits, such a waiver of the alleged error as to preclude him from insisting upon appeal that the court below had no power to make the decision upon such a motion, and the decision having been unanimously affirmed, the Court of Appeals is precluded from reviewing it upon the merits.

3. EXTRA ALLOWANCE — REVIEW. An appeal from an order granting an extra allowance of costs presents no question for review when there was sufficient evidence before the trial court to justify the exercise of its discretionary power to grant such an allowance.

*Woodbridge* v. *First Nat. Bank,* 45 App. Div. 166, affirmed.

(Argued January 29, 1901; decided March 12, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 23, 1899, which unanimously affirmed a judgment of Special Term dismissing the complaint upon the merits; also appeal from so much of said judgment as affirms an order for an extra allowance of costs to the defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank S. Black* and *Appleton D. Palmer* for appellant. The judgment at Special Term should have been for a nonsuit and not a dismissal on the merits. (*Lugar* v. *Byrnes*, 29 Abb. [N. C.] 282; *Terry* v. *Horne*, 59 Hun, 492; *Martin* v. *Cook*, 37 N. Y. S. R. 733; *Hart* v. *Ryer*, 43 N. Y. S. R. 139; *Knight* v. *Sackett*, 19 N. Y. Supp. 712; *Gates* v. *Canfield*, 2 Civ. Pro. Rep. 255.) No allowance was proper in this case. (*Weaver* v. *Ely*, 83 N. Y. 89; *Patterson* v. *Burnett*, 17 Civ. Pro. Rep. 115.)

*John L. Henning* for respondent. It cannot be claimed that the plaintiff was nonsuited, as it affirmatively appears that the case was tried and decided upon its merits and a decision filed, to which the plaintiff filed exceptions. That decision this court will not disturb. (Code Civ. Pro. § 191, subd. 4; *Ware* v. *Dos Passos*, 162 N. Y. 281; *People ex rel.* v. *Barker*, 152 N. Y. 417; *Reed* v. *McCord*, 160 N. Y. 330; *Meserole* v. *Hoyt*, 161 N. Y. 59; *Cronin* v. *Lord*, 161 N. Y. 90.) If plaintiff had desired the record to show a non-suit only, it was his duty to have it corrected in that respect, and not having done so, this court will regard the case as having been disposed of upon its merits. (*C. Bank* v. *G. T. Church*, 127 N. Y. 361; *Van Derlip* v. *Keyser*, 68 N. Y. 443.) This court has no jurisdiction to entertain an appeal from an order granting or reducing an extra allowance. Such an order does not finally determine the action. (Code Civ. Pro. § 190, subd. 1; *Van Arsdale* v. *King*, 155 N. Y. 325; *Stevens* v. *Central Nat. Bank*, 162 N. Y. 253; *Cronin* v. *Lord*, 161 N. Y. 90.)

Werner, J. This action was brought to compel the defendant to account for all moneys belonging to the estate of Samuel Freeman, deceased, at any time received by the defendant, and for judgment directing the defendant to pay over to the plaintiff all moneys of said estate which may be found due upon such accounting. The facts out of which this action arose are as follows : Said Samuel Freeman died December 19th, 1870, leaving a will dated May 17th, 1870, which was probated December 24th, 1870, and in which Augustus Bockes was named as executor and trustee. This will, after providing for certain specific legacies, gave to said Bockes all the testator's real and personal property in trust during the life of the testator's daughter, the plaintiff in this action, to receive the rents, income and profits therefrom, and to pay to the plaintiff out of the same a sum not exceeding $3,500.00 per year. After the death of the latter the estate was to go to her children, if any, and if none, then to the testator's heirs. At the time of the testator's death plaintiff had two children, a son and a daughter, both of whom are still living. There was no disposition by the will of the income of the trust over and above the $3,500.00 per year, which was to be paid to the plaintiff, and the sum of $500.00 per annum which the trustee was to receive as compensation in lieu of fees. The complaint charges that said Bockes continued to perform the duties of executor and trustee under this will until about June 28th, 1872, when, in violation of his duty as such executor and trustee, he delivered into the custody and charge of one John Woodbridge, the husband of the plaintiff, all of the estate and property of said Samuel Freeman, deceased, which was impressed with the trust referred to. It is further alleged that said Bockes executed and delivered to said Woodbridge an instrument in writing, purporting to be a power of attorney, in and by which said Bockes wrongfully and unlawfully attempted to delegate his powers and duties as such executor and trustee. The complaint then continues with allegations designed to show knowledge on the part of the defendant and its officers of the illegal acts of said

Bockes and Woodbridge with reference to said estate, and with specific charges that between the 28th day of June, 1872, and April 6th, 1876, the defendant knowingly received moneys which were a part of said trust estate, amounting in the aggregate to the sum of $61,102.42, and wrongfully placed the same to the account of Helen Woodbridge, and thereafter wrongfully and negligently permitted the said John Woodbridge to withdraw the said moneys from said bank and to convert the same, or some part thereof, to his own use. It is also charged that the defendant knowingly and wrongfully permitted the said John Woodbridge to substitute an account in his own name with said bank in the place and stead of one previously maintained in the name of plaintiff, and that thereafter and between the 6th day of April, 1876, and the 8th day of June, 1894, the defendant knowingly and wrongfully received on deposit and placed to the credit of said John Woodbridge moneys which belonged to said estate and were impressed with said trust, which moneys, amounting in the aggregate to $161,653.12, or some part thereof, the defendant wrongfully and unlawfully permitted said Woodbridge to convert to his own use. The complaint concludes with a prayer for an accounting. The answer, after admitting certain formal facts, denies all of the allegations of the complaint essential to plaintiff's cause of action. Upon the trial at Special Term witnesses were called for the plaintiff who were cross-examined at length in behalf of the defendant. At the close of the plaintiff's case the defendant also rested its case, and then defendant's counsel moved that the complaint be dismissed on the ground that the plaintiff had not established a cause of action. The court reserved its decision, which was thereafter embodied and handed down in the following memorandum : " The plaintiff has failed to prove that there has been any conversion or misappropriation of any part of the trust estate by the defendant, or the trustee Augustus Bockes, or by John Woodbridge, or by any other person. The plaintiff has failed to prove that defendant had any knowledge of any wrongful

31

use of the said trust property, or of any intent to misappropriate any part thereof on the part of the said trustees Augustus Bockes or John Woodbridge, or any other person. The complaint should be dismissed upon the merits, and judgment is so directed, with costs to the defendant." The judgment entered upon the decision of the court at Special Term was affirmed by the Appellate Division. It will be observed that the motion made by defendant's counsel at the close of the evidence was in form a motion for a nonsuit, while the decision subsequently rendered by the court disposes of the case upon the merits. The learned counsel for the appellant argues that the trial court had no power to make this decision upon such a motion. It is true that defendant's motion was made at the close of plaintiff's case, but it was also made at the close of defendant's case as the record shows. Plaintiff was compelled to call the delinquent trustee and the officers of the defendant bank as witnesses in the effort to establish her cause of action. Upon the cross-examination of these witnesses the defendant proved its case. When both parties rested all the matters in issue were before the court for decision. It was, therefore, competent and proper for the court to decide the case upon the merits. If, however, we assume that defendant's motion was for a nonsuit and nothing more, and that the court could have been compelled to confine its decision to the motion as made, it is quite clear that plaintiff, in failing to move for the correction of the record in that respect, has effectually waived her right to raise that question upon appeal. The following cases show the trend of our practice upon this question. In *Place* v. *Hayward* (117 N. Y. 487), which was tried before a referee, the defendant at the close of the plaintiff's case, and without announcing that he rested his case, moved that "the complaint be dismissed on the merits." The motion was granted and plaintiff's counsel excepted. The referee subsequently made his report containing findings of fact and of law with the conclusion that the complaint be dismissed on the merits. Upon settlement of the case on appeal plain-

tiff's attorney moved to have the referee change or modify
his findings to the effect that there was a mere dismissal
of the complaint, with costs, and not a decision upon the
merits.   This motion was denied and an exception taken.
Upon the final appeal to this court it was held that the action
of the referee was equivalent to a nonsuit; that it was error
to make findings upon disputed or inconclusive evidence, and
the judgment below was reversed because the plaintiff had
promptly and properly made his motion for an amendment of
the record in conformity with the actual proceedings upon the
trial.   In *Van Derlip* v. *Keyser* (68 N. Y. 443) the defend-
ant made a motion at the close of the evidence to dismiss the
complaint.   The motion was not decided at that time.   The
referee subsequently made his report with findings of fact
adverse to the plaintiff, and as a conclusion of law found that
the complaint should be dismissed.   It was there held that
this was not a mere nonsuit or its equivalent, but was a dispo-
sition of the case upon the merits.   In that case this court
said : " Assuming that upon a motion to dismiss the complaint
at the close of the testimony, the question arises the same as
upon a motion for a nonsuit, a distinct ruling should be had
at the time when the motion was made, or as of that time and
before the final submission of the whole case to the considera-
tion of the referee.   At least he should have been requested
to decide the motion as of that time, and if he had refused to
do so an exception taken to such refusal.   If the motion had
been granted an exception should have been taken to his
decision.   All of these matters should be made to appear in
the case and thus present the question.   As this was not done
and an exception taken merely to the report of the referee
upon the facts and to his conclusions of law, the point is not
before us."   In *Columbia Bank* v. *Gospel Tabernacle Church*
(127 N. Y. 361) defendant's counsel cross-examined all of the
plaintiff's witnesses, and upon such examination proved facts
which were relied upon to establish a defense.   At the close
of the evidence defendant's counsel moved for a nonsuit,
which was granted.   Plaintiff submitted to the referee

requests to make certain findings of fact and conclusions of law. Some of these were found in full, others were modified, and the remainder, with the conclusions of law, were refused. To these refusals plaintiff's counsel excepted. The referee also made findings, as requested by the defendant, and rendered judgment for the latter upon the merits. It was held that the judgment was to be considered as one upon the merits and not as a nonsuit; that the plaintiff, by submitting proposed findings, treated the case as one where the whole evidence was to be passed upon. This court said : " The plaintiff should have moved to set aside the judgment for irregularity if the conduct of counsel and the proceedings did not call for such a judgment, or if such a judgment was not intended or expected." In *Neuberger* v. *Keim* (134 N. Y. 36), after the plaintiff had rested her case, the defendant moved to dismiss the complaint for failure of proof to establish a cause of action. The court denied the motion. No evidence was offered by the defendant. Both parties submitted findings and the court dismissed the complaint upon the merits. This court held that the parties must be deemed to have consented to such a submission as authorized the court to weigh the evidence and determine the facts. In *Bliven* v. *Robinson* (152 N. Y. 333) the defendant, at the close of plaintiff's case, moved to dismiss the complaint upon the ground that the facts proved did not constitute a cause of action. The motion was granted and the ruling excepted to. The plaintiff, instead of resting upon the decision as announced, joined the defendant in requesting the court to make findings of fact and conclusions of law upon all the issues in the case. Thereafter the court rendered a decision dismissing the complaint upon the merits. Referring to this procedure this court said : " The plaintiff cannot insist that the decision is in fact a mere nonsuit and not a determination of the action upon the merits, upon the ground that the defendant had not formally rested his case." The decision herein is in the " short " form. To this decision the plaintiff took a general exception. Under the authorities above cited this was not enough. If the

plaintiff desired to have defendant's motion to dismiss the complaint treated as a motion for a nonsuit, and to have the decision of the court made in conformity with the motion, a proper correction of the record should have been sought. The failure to do this, coupled with the filing of the general exception to the decision upon the merits, constitutes such a waiver of the alleged error as to preclude plaintiff from raising the question upon appeal. From every point of view, therefore, the decision hereon must be deemed to have disposed of the case upon the merits, and upon the unanimous affirmance by the Appellate Division of the judgment entered upon that decision, all the facts found by the trial court must be considered as conclusively established against the appellant. This court is thus precluded from reviewing the case upon the merits. (*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 321.) The two exceptions which were taken to rulings upon the reception of evidence are not deemed of sufficient importance either to require discussion or to justify a reversal of the judgment below. The appeal from the modified order granting an extra allowance of costs presents no question for review, since there was sufficient evidence before the trial court to justify the exercise of the discretionary power which resulted in the granting of an extra allowance, and with that power we cannot interfere.

The judgment below should be affirmed, with costs.

Parker, Ch. J., Gray, Bartlett, Martin and Cullen, JJ., concur; Vann, J., not voting.

Judgment affirmed.