MAUDE A. DEELEY, Appellant, *v.* CARL HEINTZ, Respondent.

TRIAL — WHEN JUDGMENT DISMISSING COMPLAINT IS A JUDGMENT ON THE MERITS. Where, in an action for an alleged breach of warranty, plaintiff gave all the proof that she had in support of her cause of action and then rested, and defendant, without offering any evidence or stating that he rested, moved to dismiss the complaint upon the ground that plaintiff had failed to establish a cause of action, which motion was granted by the trial judge, who subsequently made specific findings of fact upon the evidence produced by plaintiff, in which he stated that the defendant refused to give any warranty of the character and quality of the goods such as was alleged in the complaint, and, therefore, the plaintiff failed to prove the cause of action alleged, and then found, as a con-

clusion of law, that the defendant was entitled to judgment dismissing the complaint upon the merits on the grounds stated in the findings of fact, and directed judgment accordingly, the judgment entered thereon is not a judgment of nonsuit, but a judgment on a trial of the issues and a decision of the same upon the merits.

*Deeley* v. *Heintz,* 40 App. Div. 612, affirmed.

(Argued November 19, 1901; decided December 20, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1899, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Sondheim* and *Leopold Sondheim* for appellant. The letters, cables and bills of lading introduced in evidence by the plaintiff constitute the contracts for the purchase of these 130 casks. (*Crossett* v. *Carleton,* 23 App. Div. 366 ; *G. Mfg. Co.* v. *Munckenbeck,* 20 App. Div. 612.) Plaintiff's assignors purchased and defendant agreed to sell eighty to eighty-five per cent carbonate of potash ; this constituted a warranty upon the part of the defendant that the goods delivered by him should contain at least eighty to eighty-five per cent carbonate of potash. (*Hawkins* v. *Pemberton,* 51 N. Y. 198 ; *White* v. *Miller,* 71 N. Y. 128 ; *Dounce* v. *Dow,* 64 N. Y. 411 ; *Levy* v. *A. W. & P. Mfg. Co.,* 24 Misc. Rep. 204 ; *Bach* v. *Levy,* 101 N. Y. 511 ; *F. C. Co.* v. *Metzger,* 118 N. Y. 268 ; *Carleton* v. *L. A. & Co.,* 149 N. Y. 137 ; *Zabriskie* v. *C. V. R. R. Co.,* 131 N. Y. 72 ; 28 Am. & Eng. Ency. of Law, 766 ; Benjamin on Sales, § 600.) The defendant's warranty that the goods delivered contained eighty to eighty-five per cent potash survived the acceptance of the goods by plaintiff's assignors. (*Healy* v. *Brandon,* 21 N. Y. Supp. 393 ; *Bach* v. *Levy,* 101 N. Y. 514 ; *Zabriskie* v. *C. V. R. R. Co.,* 131 N. Y. 78 ; *F. C. Co.* v. *Metzger,* 118 N. Y. 268 ; *Day* v. *Pool,* 52 N. Y. 416 ; *Chase* v. *Evarts,* 19 N. Y. Supp. 987 ; *Norton* v. *Dreyfuss,* 106 N. Y. 94.) The

complaint stated a cause of action which was conclusively proven at the trial. (*Jones* v. *Mayer*, 16 Misc. Rep. 589; *Bach* v. *Levy*, 101 N. Y. 511; *Hooper* v. *Story*, 155 N. Y. 175; 28 Am. & Eng. Ency. of Law, 837.) The plaintiff was nonsuited. (*Place* v. *Hayward*, 117 N. Y. 491; *Scofield* v. *Hernandez*, 47 N. Y. 313; *Ware* v. *Dos Passos*, 162 N. Y. 281; *People ex rel.* v. *Barker*, 152 N. Y. 433.) The judgment should be reversed if there was some evidence supporting the cause of action. (*Ware* v. *Dos Passos*, 162 N. Y. 282; *Place* v. *Hayward*, 117 N. Y. 491.)

*Henry W. Rudd* and *M'Cready Sykes* for respondent. There is nothing for this court to review, as the only issue was one of fact, which has been conclusively determined by the unanimous decision of the Appellate Division. (Const. art. VI, § 9; Code Civ. Pro. § 191; *People ex rel.* v. *Barker*, 152 N. Y. 417; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Marden* v. *Dorthy*, 160 N. Y. 39; *Griffen* v. *Manice*, 166 N. Y. 192; *Hilton* v. *Ernst*, 161 N. Y. 228; *C. El. S. Co.* v. *A. T. Co.*, 161 N. Y. 610; *Reed* v. *McCord*, 160 N. Y. 336; *Aeschlimann* v. *Presbyterian Hosp.*, 165 N. Y. 300; *Cronin* v. *Lord*, 161 N. Y. 94.) There is no question of law involved in this appeal. (*Drake* v. *N. Y. I. Mine*, 156 N. Y. 90.)

O'BRIEN, J.  This appeal involves simply a contention concerning the proper name which should be given to the judgment appealed from. The plaintiff avers that on the 21st day of October, 1895, the defendant, residing and doing business at the city of Cologne in the German Empire, sold and delivered to the plaintiff's assignor one hundred and thirty casks of carbonate of potash, warranted to contain eighty to eighty-five per cent of potash. It is then alleged that there was a breach of this warranty on the part of the defendant, in that the goods delivered did not contain the requisite percentage of potash. The answer put in issue these allegations, and the issues were tried by the court and the complaint dismissed.

The judgment entered upon this decision has been unanimously affirmed at the Appellate Division.

The evidence given at the trial consisted largely, if not entirely, of the written correspondence between the seller and buyer, and upon the plaintiff's construction of this correspondence there was some evidence tending to support the claim. It was not a case where it could be said that there was absolutely no evidence to support the claim of a warranty of the goods, but it was of such a character that the court was required to construe correspondence on both sides and to determine the meaning of certain technical terms used in the trade and, generally, the intention of the parties.

The learned counsel for the plaintiff who brings the appeal now contends, virtually, that he was nonsuited at the trial, which means, of course, that the trial court refused to weigh, or to consider the testimony, or to determine the facts involved in the issue, but simply held that there was no evidence whatever to consider. We do not think that this contention is supported by the record. A nonsuit is the name of a judgment given against the plaintiff when he is unable to prove a case, or when he refuses or neglects to proceed to the trial of the cause after it has been put at issue without determining such issue. A voluntary nonsuit is an abandonment of his cause by the plaintiff, who allows a judgment for costs to be entered against him by absenting himself, or failing to answer when called upon to hear the verdict. An involuntary nonsuit takes place when the plaintiff, on being called, when his case is before the court for trial, neglects to appear, or when he has given no evidence on which a jury could find a verdict. (*Pratt* v. *Hull*, 13 Johns. 334; Bouv. Law Dic. last edition, Vol. 2, p. 510, "Nonsuit.") The record shows very clearly that no such judgment was entered in this case. It appears that the plaintiff gave all the testimony that she had, consisting of the correspondence between the buyer and the seller, and also some proof in regard to the character and quality of the goods actually delivered and on the subject of damages, and then rested. The defendant's counsel then moved to dis-

miss the complaint on the ground that the plaintiff had failed
to establish any cause of action ; that the theory of the com-
plaint was a claim for damages on account of breach of war-
ranty, and that the plaintiff had failed to establish any such
breach by the proof given. This motion was granted and the
plaintiff excepted. Subsequently the trial judge made specific
findings of fact and conclusions of law in which he stated
that the defendant refused to give any warranty of the char-
acter and quality of the goods such as was alleged in the com-
plaint, and, therefore, the plaintiff failed to prove the cause of
action alleged. He then stated, as a conclusion of law, that
the defendant was entitled to judgment dismissing the com-
plaint upon the merits and directed judgment accordingly,
and stated that the grounds upon which the decision was
made are contained in the foregoing findings of fact.

It is very clear, I think, that this was not a judgment of
nonsuit, but a trial of the issues and a decision of the same
upon the merits. The learned counsel, in support of the
appeal, contends that, inasmuch as the defendant gave no evi-
dence and made no statement that he rested, the judgment
must necessarily be a nonsuit. A defendant may rest his case
upon the plaintiff's proofs, and when the plaintiff proves a
case for the defendant he may take the benefit of such proof
without saying anything. It may be, and it was probably
true, that the defendant had no proof to give, and it was not
necessary to say to the court that he rested when he had not
yet begun. It has been held by this court that when a
defendant moves for a nonsuit, and says nothing more, that it
amounts to a submission by him to the court of any question
of fact involved in the case. (*Trimble* v. *N. Y. C & H. R. R.
R. Co.*, 162 N. Y. 84.) If this be so, then it is perfectly safe
to say that in this case, when the defendant moved to dismiss
the complaint, and said nothing more, that it amounted to a
submission on his part of every question involved in the case
for the determination of the court. His conduct was equiva-
lent to a statement by him that he rested, although he had no
evidence to give. The court was authorized to determine all

the issues in the case and to decide all questions of fact and law as fully as it would have been had the defendant's counsel expressed the legal effect of his action in words.

The nature and character of the judgment, whether a nonsuit or something else, is to be determined, not by anything the defendant said or omitted to say, but by the disposition made by the court of the plaintiff's testimony and the issues in the case. The defendant's silence could not detract from the plaintiff's case, or convert a trial and decision on the merits into a nonsuit so long as the plaintiff gave all the proof she had and rested, or, in other words, submitted the case to the judgment of the court. The defendant's silence was properly accepted by the court as an assurance that he had nothing more to say or to offer.

The action of the court in making findings of fact and stating conclusions of law denotes that the court and the parties so understood the situation, and the exceptions filed by the plaintiff to the decision of the court also show that the plaintiff's counsel could not have supposed that the decision was a mere nonsuit. The cases in this and in other courts show that there is considerable confusion of thought as to what is and what is not a nonsuit in a given case. ( *Wheeler* v. *Ruckman*, 51 N. Y. 391 ; *Scofield* v. *Hernandez*, 47 N. Y. 313 ; *Van Derlip* v. *Keyser*, 68 N. Y. 443 ; *Forbes* v. *Chichester*, 125 N. Y. 769, more fully reported in 36 N. Y. S. R. 248 ; *Ware* v. *Dos Passos*, 162 N. Y. 281 ; *Woodbridge* v. *First National Bank*, 166 N. Y. 238.) These authorities, and especially the later cases, show that a decision disposing of the case on the merits is properly rendered on a motion for a dismissal of the complaint. The fact that the trial court in this case made findings of fact is utterly inconsistent with the idea of a nonsuit. A nonsuit, as we have seen, is a decision that the plaintiff has offered no evidence upon which to find facts, and as facts can be found only upon evidence such findings are legally impossible in the case of a nonsuit, and so it has been held. ( *Ware* v. *Dos Passos, supra.*) When the plaintiff is nonsuited the decision of the court is that there is no

evidence upon which to find any fact, and although it may be that the practice has prevailed of finding facts in such cases, such findings are superfluous and amount to nothing. Courts sometimes go through the form of making findings and stating therein that there was no evidence produced to establish the plaintiff's claim, but all that is implied in the nonsuit itself, and it is wholly unnecessary to repeat it in a separate paper improperly called findings in the case. A statement by the court that the plaintiff produced no evidence may be a very good reason for not attempting to make any findings at all, but such a statement is in no proper sense a finding of fact, but a reason why such a finding is impossible.

On the other hand, a motion to dismiss the complaint is proper, either at the close of the plaintiff's case or at the close of the whole case. It amounts to a request to render judgment for the defendant. A judgment in favor of the defendant is, of course, a judgment dismissing the complaint, and a judgment dismissing the complaint is a judgment for the defendant. These forms of expression are used interchangeably and mean the same thing. It was absolutely necessary in this case for the court to make findings as it did. If the record before us showed nothing but a dismissal of the complaint the judgment would have to be reversed since the conclusion of law would have no facts upon which to rest.

Hence, upon principle and authority, the decision in this case was a judgment upon the merits and not a nonsuit. The trial court weighed the evidence, determined the intention of the parties and held, not that the plaintiff had merely failed to prove her case, but that she had affirmatively proved the defendant's case; that after the proofs were all in it was shown from the correspondence and other proof that the defendant never made any warranty of the character or quality of the goods. This was as complete a determination of the controversy as the court could make under any circumstances, and, of course, the judgment was a bar to any other action for the same cause. When a trial results in such a situation the decision is a judgment on the merits, no matter

by what name it may be called.  When it appears that the plaintiff produced no proof whatever in support of the case upon which a verdict could be rendered or facts found, then there may be a nonsuit, but when both parties give all the proof that they have and the court finds the facts and determines the issues, that is a trial upon the merits and its legal effect cannot be changed by giving to it a wrong name.

In this view of the case the record presents no question upon which this court can properly interfere with the judgment, and so it must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN and LANDON, JJ., concur; VANN, J., dissents; CULLEN, J., not sitting.

Judgment affirmed.