## LENTSCHNER v. LENTSCHNER.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. JUDGMENT—TRIAL BY COURT—NECESSITY OF DECISION.

Under Code Civ. Proc. § 1228, providing that judgment on the decision of a court upon the trial of the whole issue of fact without a jury may be entered on filing the decision, a decision is essential to support a judgment dismissing a complaint after trial by the court.

Appeal from special term, New York county.

Suit by Mollie Lentschner, an infant, by Charles Schwartzberg, her guardian ad litem, against Max Lentschner. From a judgment dismissing her complaint after trial at special term, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alexander Rosenthal, for appellant.

McLAUGHLIN, J. This action was brought to dissolve a marriage contract on the ground of fraud. The defendant made default in pleading, and did not appear at the trial or on the argument of the appeal. The trial court, after hearing the proof offered by the plaintiff, rendered judgment dismissing her complaint upon the merits, from which she has appealed.

The learned trial justice sitting at special term made no decision, and there is, therefore, no basis for the judgment. Where the whole issue is one of fact, and is tried by the court without a jury, a decision must be made before a judgment can be rendered. Section 1228, Code Civ. Proc. This is absolutely necessary; otherwise there are no facts to sustain the legal conclusion drawn. Deeley v. Heintz, 169 N. Y. 135, 62 N. E. 158. We are therefore unable to determine whether or not the court erred in rendering the judgment which he did, inasmuch as we are precluded from examining the case on the merits; and for that reason we think the judgment appealed from should be vacated, and the matter remitted to the special term to the end that a decision may be made. All concur.