GUSTAV LINDENTHAL, Appellant, *v.* GERMANIA LIFE INSURANCE COMPANY, Respondent.

1. NONSUIT — WHAT CONSTITUTES JUDGMENT OF. Where the complaint in an action brought by a policyholder against a life insurance company for a paid-up policy in lieu of one lapsed by the non-payment of a premium and which had been lost, was dismissed on the trial, upon motion of defendant at the close of plaintiff's case, after plaintiff had conclusively established his application for the paid-up policy within six months after default in payment of the premium, his compliance with all other requirements of the policy except the surrender thereof, the loss of the policy and his failure to find it after diligent search therefor and of notice of such fact to the company, the tender to the company of a release of all liability upon the lost policy, and the refusal of the company to accept such release and issue a paid-up policy in lieu thereof, and no facts were specifically found by the court, and the record does not show what the decision of the court was in regard to the facts alleged in the complaint and answer, which formed the issue between the parties, the judgment entered upon such dismissal is a nonsuit and not the result of a trial upon the merits, since the trial judge virtually decided that plaintiff had not produced any proof sufficient to call upon the court to consider it and determine the facts in issue one way or the other; the

judgment, therefore, is erroneous, since the plaintiff was entitled to have his proofs considered and the facts alleged in the complaint and answer determined.

2. Insurance (Life) — Waiver by Company of Six Months' Limitation in which Action for Paid-up Policy Must Be Commenced — Whether Policyholder Abandoned his Right to Paid-up Policy by Delay in Producing Lost Policy a Question of Fact.   Where the defendant waived the six months' Statute of Limitations, fixed by the policy, and directed the plaintiff to make further search for it without substituting any other specific limitation in its place, so that the whole matter was left indefinite and open for further negotiation, and the evidence is such that it cannot be held as a matter of law that the plaintiff, after the interview with the defendant's officers, in which they waived the limitation of six months, abandoned his right to a paid-up policy, the evidence should be considered by the court or jury, and the fact of his default, if default there was, determined thereby, since the defendant, having directed the plaintiff to keep up the search for the policy, cannot refuse to perform on the ground of unreasonable delay on the part of the plaintiff unless the delay continued for so long a period of time as to warrant the conclusion that the plaintiff had abandoned his claim.

*Lindenthal* v. *Germania Life Ins. Co.*, 65 App. Div. 615, reversed.

(Argued February 19, 1903; decided March 6, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 22, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arnold Charles Weil, Robert Weil* and *Henry Schreiter* for appellant.   The important condition of the policy was the demand for a paid-up policy within the six months.   (*Wright* v. *Wright*, 54 N. Y. 435 ; *Mills* v. *A. E. S. Bank*, 28 Misc. Rep. 251 ; *Zander* v. *N. Y. S. & T. Co.*, N. Y. L. J. Oct. 31, 1902 ; *England* v. *Lord Tredega*, 35 L. J. Ch. 386.)   The tender of the indemnity and release was made in sufficient time.   (*Brookman* v. *Metcalf*, 4 Robt. 568 ; *Rolston* v. *C. P. R. R. Co.*, 21 Misc. Rep. 439 ; *Dupignac* v. *Quick*, 27 Misc. Rep. 500 ; *Trunk* v. *Gier*, 66 N. Y. Supp. 382 ; *Read* v.

*Marine Bank,* 136 N. Y. 454; *Pintard* v. *Tackington,* 10 Johns. 104; *McMain* v. *Gilbert,* 3 Wend. 344; *Blade* v. *Noland,* 12 Wend. 173; *Wright* v. *Wright,* 54 N. Y. 437.) A court of equity abhors forfeitures and will relieve against the performance of conditions which have become impossible of performance by accident, where such conditions do not go to the essence. (Pom. Eq. Juris. [2d ed.] §§ 450, 451, 833; Bispham's Prin. of Equity, § 177; Byles on Bills, 300, 301; *Solomon* v. *C. F. Ins. Co.,* 160 N. Y. 595; *McNally* v. *P. Ins. Co.,* 137 N. Y. 389; *Paltrovitch* v. *P. Ins. Co.,* 143 N. Y. 73; *Sergent* v. *L. & L. & G. Ins. Co.,* 155 N. Y. 349.)

*Joseph Larocque, Jr.,* for respondent. The condition requiring a surrender of the original policy within six months after its lapse was a condition precedent, upon the performance of which depended plaintiff's right to a paid-up policy. (*Howell* v. *K. L. Ins. Co.,* 44 N. Y. 276; 4 Kent's Comm. 125; 19 Am. & Eng. Ency. of Law [2d ed.], 84; *Hudson* v. *K. L. Ins. Co.,* 28 N. J. Eq. 167; *Straube* v. *P. M. L. Ins. Co.,* 123 Cal. 677; *Jander* v. *M. L. Ins. Co.,* 16 Ohio C. C. 536; *McLaughlin* v. *E. L. A. Society,* 38 Neb. 725; *Chase* v. *P. M. L. Ins. Co.,* 37 Me. 85; *Dorr* v. *P. M. L. Ins. Co.,* 37 Me. 438; *Hexter* v. *U. S. L. Ins. Co.,* 15 S. W. Rep. 863; *N. M. L. Ins. Co.* v. *Barbour,* 17 S. W. Rep. 796; *Scheerer* v. *Ins. Co.,* 20 Fed. Rep. 86; *Oakley* v. *Morton,* 11 N. Y. 25.) As plaintiff, by reason of his failure to perform the condition with respect to a surrender, never acquired the right to a paid-up policy, no question of forfeiture can be involved in this case. (*Stayner* v. *E. L. Assur. Society,* 22 Misc. Rep. 53.) Even assuming a forfeiture, equity will not relieve against it, for the reason that the court cannot put the defendant into as good condition as if the agreement had been performed. (*Rose* v. *Rose,* Amb. 332; *Wheeler* v. *C. M. L. Ins. Co.,* 82 N. Y. 543.) In no view of the case can a demand made in the summer of 1896, followed by the delivery of a release in March, 1899, be considered a compliance with the conditions relative to demand and surrender within a reason-

able time after May 10, 1894. ( *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394; *Quinlan* v. *P. W. L. Ins. Co.*, 133 N. Y. 456; *Brown* v. *L. Assur. Corp.*, 40 Hun, 101; *Inman* v. *W. F. Ins. Co.*, 12 Wend. 452; *Bennett* v. *L. C. M. Ins. Co.*, 67 N. Y. 274; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468; *Solomon* v. *C. F. Ins. Co.*, 160 N. Y. 595.)

O'Brien, J. The plaintiff in this action sought to obtain a judgment or decree for the specific performance of a clause in a policy of life insurance. The case in its general features is the same as one which has recently been passed upon by this court. ( *Wilcox* v. *Equitable Life Assurance Society*, 173 N. Y. 50.)

On the trial the complaint was dismissed and the judgment has been unanimously affirmed on appeal. It is, therefore, necessary in the first instance to determine the nature and character of the judgment appealed from. If it was a non-suit and not a trial and decision on the merits all the questions in the case are open for review in this court. The complaint was dismissed at the close of the plaintiff's case upon the motion of the learned counsel for the defendant. No facts were specifically found by the court; and, hence, the record does not show what the decision of the court was in regard to the several facts alleged in the complaint and in the answer which formed the issue between the parties. The following facts were conclusively established at the trial:

(1) That on the 10th day of May, 1882, the defendant, through its Pittsburg agency, issued and delivered to the plaintiff a policy of insurance on his life for the sum of four thousand dollars, payable to the insured, if living at the expiration of its term, together with the accrued earnings, or to his heirs, next of kin or legatees, at the time of his death prior to the expiration of its term. It was a twenty years' policy and the annual premium of $194.08 was payable semi-annually on the 10th day of May and November in each year.

(2) The policy contained a clause providing that upon " the lapse of said policy by non-payment of premium at any time

after three years from the date of issue a paid-up policy for a sum corresponding to the aggregate amount of premiums paid thereon will be issued in place thereof on demand, within six months after lapse upon surrender of the policy."

(3) That, in accordance with the terms of this policy, the plaintiff made twenty-three semi-annual payments of premiums as required, all of which were received by the defendant, amounting in all to the sum of two thousand and seventy-five dollars and fifty cents. That thereafter and on or about the 10th day of November, 1893, the policy lapsed by reason of non-payment of the premium due on that day. That thereafter and on or about the first day of March, 1894, and within six months after the time that the policy had lapsed the plaintiff desiring to have it changed to that form of policy known as a paid-up policy made application to the defendant for the same.

(4) In the meantime the plaintiff had removed from Pittsburg to New York and when he applied to the defendant for the paid-up policy he informed the officers that his policy had been lost and that he was not able to surrender the identical paper. This is what the plaintiff testified to on that point: "I inquired for the official that had charge of these matters and some one appeared and I stated to him the case that the policy was lost and inquired what, under the conditions, I should do. He said I should make further search for the policy and if it could not be found it possibly could be arranged by my giving a bond, but that it would be far less complicated if I would make a further search for the policy and find it." Subsequently, he made search for the policy in Pittsburg and elsewhere, but failed to find it. Various communications passed between the agent at Pittsburg and the defendant, in which the company was informed from time to time that the plaintiff could not find the policy. Before the commencement of this action the plaintiff tendered to the defendant a release of all liability upon the policy, which was refused, and there was also a refusal to deliver the paid-up policy, and, hence, this action.

We think that the judgment appealed from is a nonsuit and not the result of a trial upon the merits. The mere fact that the complaint was dismissed at the close of the plaintiff's case does not of itself determine the character of the judgment since it often happens that the plaintiff in seeking to establish his own case proves the facts upon which the defense is founded. In such a case, where the plaintiff's evidence is of such a character that the defendant may elect to rely upon it and moves for a dismissal of the complaint which is granted, and the court thereupon finds specifically all the facts in issue, and his conclusions of law and these findings are excepted to, the defeated party cannot claim in this court that the judgment was a mere nonsuit. (*Deeley* v. *Heintz*, 169 N. Y. 129.) A judgment of nonsuit is a decision by the court that the plaintiff has produced no evidence upon which facts may be found, and where no facts are found and the case is disposed of, as it was in this case, upon the defendant's motion, the decision will be deemed to be a nonsuit. (*Ware* v. *Dos Passos*, 162 N. Y. 281; *Veazey* v. *Allen*, 173 N. Y. 359.) So that in this case the learned trial judge virtually decided that the plaintiff had not produced any proof at the trial sufficient to call upon the court to consider it and determine the facts in issue one way or the other.

In this respect we think that the learned trial court committed an error. The plaintiff was entitled to have his proofs considered and facts alleged in the complaint and answer determined. We cannot know from the present record what facts the learned trial judge considered to be established and what facts, by way of defense, were proven to defeat the action. On the argument in this court the learned counsel for the defendant relied upon one proposition, and one only, and that was, that whereas the defendant waived the six months' Statute of Limitations and directed the plaintiff to make further search for the policy the latter waited too long before calling the attention of the defendant again to the transaction and that, in consequence of that delay, the plaintiff's right of action, which accrued to him within the six

6

months, was lost. It is very clear that the defendant when applied to in time for the paid-up policy neither offered nor refused to issue it. It did waive the six months' limitation, but it put no other specific limitation in its place, and the result was that the whole matter was left indefinite and open for further negotiation. In the meantime the plaintiff made search for the policy and corresponded with the Pittsburg agency and through them with the defendant. This court has recently held in a controversy concerning a policy of insurance that where punctual payment on the law day is waived and no other specific limitation or time of payment is agreed upon, but the matter is left open and indefinite, the policyholder cannot be put in default for not making the payment or doing the act until after reasonable notice from the holder of the policy. (*Toplitz* v. *Bauer*, 161 N. Y. 325.) Where an insurance company makes a valid waiver of the punctual payment of premium on the law day without substituting another time of payment, but leaves the matter open and indefinite, it cannot enforce a forfeiture for non-payment without reasonable notice to the policyholder or person in whose favor the time limit has been waived. Whether that principle has any application to this case we do not now determine, since the facts are not found. We do hold, however, that the evidence in the record was of such a character that the learned trial court was required to consider it and determine the fact. It could not have been held, as matter of law, upon the testimony contained in the record, that the plaintiff, after the interview with the defendant's officers, in which they waived the limitation of six months, abandoned his right to a paid-up policy. The defendant, having directed the plaintiff to keep up the search for the policy, cannot now refuse to perform on the ground of unreasonable delay on the part of the plaintiff unless the delay continued for such a long period of time and under such circumstances as to warrant the conclusion that the policyholder had abandoned his claim. The proof in the case did not conclusively establish that proposition. It may be that a jury would so find, but the plaintiff was entitled to have the testi-

mony on that question weighed and considered by the court or jury and the fact of his default, if default there was, determined in the regular way. It is argued in behalf of the defendant that the requirement to surrender the policy was a condition precedent to the plaintiff's right to a paid-up policy. If that means that the plaintiff was not entitled to relief after proof that the condition was impossible of performance by reason of the loss or destruction of the policy it is sufficient to say that the contrary was held in the *Wilcox Case (supra)*.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT VANN and CULLEN, JJ., concur.

Judgment reversed, etc.