(83 App. Div. 375.)

SCHULZE v. SCHULZE.

(Supreme Court, Appellate Division, First Department. May 15, 1903.)

1. DIVORCE—ADULTERY—EVIDENCE—SCRUTINY.

    A judgment of divorce for adultery should not be granted unless the evidence, after a careful scrutiny, is such as to satisfy the court that the adultery has been committed.

2. JUDGMENT—DISMISSAL—ACTION TRIED TO COURT—REVIEW ON APPEAL.

    In an action for divorce on the ground of adultery, tried to the court, there was evidence which, if believed, would justify an inference of the truth of the charge, and called for a decision of the court thereon, involving a determination of the credibility of the witnesses. A motion to dismiss the complaint at the close of plaintiff's evidence was granted, followed by a decision which found that plaintiff had failed to prove the adultery charged. Held, that the court passed on the credibility of plaintiff's witnesses adversely to the plaintiff, and the determination of the court would not be reviewed.

    Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action for divorce by Gottfried August Schulze against Rosa Schulze. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Leon Sanders, for appellant.
Max Steinert, for respondent.

INGRAHAM, J. The action was for a divorce, and at the end of the plaintiff's case counsel for the defendant moved to dismiss the complaint on the ground that the plaintiff had not proved any act of adultery, which motion was granted, and the plaintiff excepted. Subsequently a decision was filed, which found as a fact "that the defendant did not commit any of the acts of adultery alleged or set up in the complaint herein," and, as a conclusion of law, "that the plaintiff has not sufficiently proven the allegations of adultery set forth in the complaint, and that, therefore, the defendant was entitled to judgment against the plaintiff dismissing the complaint for failure

to so prove the said acts of adultery." The plaintiff claims that this is to be treated as a nonsuit, and that the rules applicable to a nonsuit in an action triable before a jury should be applied. The evidence offered by the plaintiff was such as to require the court to consider it, and determine whether it was sufficient to sustain the charge of adultery. The main witness called by the plaintiff was a private detective in the employ of what was called a "detective bureau." He testified to facts which, if he was believed, would justify an inference that the defendant was guilty of adultery. His testimony was to some extent corroborated by a companion named Burke. Burke described himself as the manager of a furnished room house, and that he was also in the insurance business. He received $1 for the services that he rendered. Considering the character of the witnesses, however, the court was not bound to believe their testimony. Such a judgment should not be granted unless the evidence, after a careful scrutiny, is such as to satisfy the court that the adultery has been committed. Moller v. Moller, 115 N. Y. 466, 22 N. E. 169; Burch v. Burch, 80 App. Div. 56, 80 N. Y. Supp. 182. When the plaintiff rested, the court was required to consider the testimony, and whether, uncontradicted, it was sufficient to justify a judgment of divorce. If it was not sufficient, he was not required to take the testimony of the defendant. After the plaintiff's testimony was before the court, the defendant moved to dismiss the complaint on the ground that the adultery was not proved, and it was this motion that was granted. This involved a determination by the court that the evidence of the plaintiff's witnesses was not credible, and therefore not sufficient to justify a judgment for the plaintiff; and this was followed by the decision which found that the plaintiff had failed to prove the adultery charged. The record thus shows that the court did pass upon the credibility of the plaintiff's witnesses adverse to the plaintiff, and upon this record we are not justified in reversing the determination of the court.

The rules applicable to a nonsuit in a case tried before a jury, when the jury are to determine the facts, are not applicable, as here it was for the court to determine the facts.

Judgment appealed from affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. (dissenting). The action is for a divorce. When the plaintiff rested his case upon the trial, the defendant moved "to dismiss the complaint upon the ground that they have not proved any act of adultery," and the record shows that the motion was granted, and that the plaintiff excepted. It appears that more than a month thereafter the justice who presided at the trial made and filed a decision reciting the trial of the issues before him, and finding the marriage between the parties; that they were, and had been for more than a year, residents and actual inhabitants of the city of New York, and "that the defendant did not commit any of the acts of adultery alleged or set up in the complaint herein"; and as conclusions of

law that the plaintiff had not sufficiently proved the allegations of adultery, and that, therefore, the defendant was entitled to judgment dismissing the complaint. The decree entered upon this decision dismissed the complaint "for the reason that the facts proven in relation to the adulteries alleged and set forth in the complaint are not sufficient to justify the court in finding or assuming that the adulteries charged have been committed." It will be observed that in the findings of fact it is found that the defendant did not commit any of the acts of adultery alleged, but the record contains no evidence to sustain that finding. The defendant was not sworn, nor was any witness sworn in her behalf. The only express evidence in the case is to the effect that the acts of adultery were committed. That was given by a private detective, and was corroborated by an insurance solicitor, and to some extent by the clerk of the hotel, where, according to the detective's evidence, one of the acts of adultery was committed.

The question presented is whether this judgment can be sustained, and that would seem to depend upon whether the decision is to be regarded as a nonsuit or as having been made upon the merits. In form, the decree or judgment is simply a nonsuit, the complaint being expressly dismissed upon the ground that the evidence adduced would not justify a finding of the facts charged; and the decision, except the erroneous finding that the acts of adultery have not been committed, which is without evidence to support it, is likewise in form a nonsuit. The evidence would justify no judgment except a judgment nonsuiting the plaintiff, for the only express evidence is that the acts charged have been committed, and, if that evidence be disbelieved, then there is no evidence, and it is the same as if the complaint had been dismissed without the introduction of evidence.

In Veazey v. Allen, 173 N. Y. 359, 66 N. E. 103, which was a suit in equity, the complaint was dismissed at the close of the plaintiff's case, and a short form of decision was made and signed by the referee, directing the dismissal of the complaint, and setting forth briefly, as required by the Code, the grounds upon which the decision was made. Judge Werner, in delivering the opinion of the court, said:

"In form, and according to the decided cases, the referee's decision was simply a nonsuit, and the plaintiff was entitled to have it so treated. Scofield v. Hernandez, 47 N. Y. 313; Place v. Hayward, 117 N. Y. 487, 23 N. E. 25; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516. Such a decision gives a defeated plaintiff the right to have it reviewed in the light of the facts and inferences most favorable to him."

In Lindenthal v. Germania Life Ins. Co., 174 N. Y. 76, 66 N. E. 629, which was also a suit in equity, the complaint was dismissed at the close of the plaintiff's case, and the court made a decision in the short form, finding no specific facts, but that the plaintiff failed to show a cause of action against the defendant, and that plaintiff failed to show performance of the conditions of the contract sued upon. Judge O'Brien, in writing the unanimous opinion of the court holding that this was a nonsuit, said:

"The mere fact that the complaint was dismissed at the close of the plaintiff's case does not of itself determine the character of the judgment,

since it often happens that the plaintiff, in seeking to prove his own case, proves the facts upon which the defense is founded. In such a case, where the plaintiff's evidence is of such a character that the defendant may elect to rely upon it, and moves for a dismissal of the complaint, which is granted, and the court thereupon finds specifically all the facts in issue, and his conclusions of law and these findings are excepted to, the defeated party cannot claim in this court that the judgment was a mere nonsuit. Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158. A judgment of nonsuit is a decision by the court that the plaintiff has produced no evidence upon which facts may be found; and, where no facts are found, and the case is disposed of, as it was in this case, upon the defendant's motion, the decision will be deemed to be a nonsuit. Ware v. Dos Passos, 162 N. Y. 281, 56 N. E. 742; Veazey v. Allen, 173 N. Y. 359, 66 N. E. 103. So that in this case the learned trial judge virtually decided that the plaintiff had not produced any proof at the trial sufficient to call upon the court to consider it and determine the facts in issue one way or the other." ·

These views may appear to be in conflict with the case of Deeley v. Heintz, and with some of the expressions in the opinion therein, but a careful reading of that opinion will show, I think, that the judgment in the case at bar is a nonsuit. Here, it will be remembered, nothing has been proved according to the decision and decree. Witnesses have been sworn, but the court has refused to accept their testimony, and has made no finding based thereon, or based upon any fact proved or admitted. In the Deeley Case, supra, the plaintiff, in attempting to prove her own case, proved the defense interposed by the defendant, and on a dismissal of the complaint at the close of the plaintiff's case findings of fact were made determining the material issues upon the merits. Were it not for these authorities, I would be inclined to favor, in equity cases, the rule adopted by the prevailing opinion, but, as I read them, the precedents are against it. It may well be that, if the evidence had been closed, and the case fully submitted to the jury without further evidence than is in this record, that the decision made could be sustained; but presumptively the court has not, in rendering the decision, weighed the evidence from that viewpoint. The court has simply said the evidence produced by the plaintiff is not entitled to credence, without waiting to see whether it would be controverted by the defendant or any witness in her behalf. If the defendant had rested her case without denying the facts testified to by the witnesses called by the plaintiff, or introducing any evidence to controvert their testimony, the court would have been justified in accepting the testimony of the plaintiff's witnesses as true, and in granting the divorce. I deem it quite clear that for the purpose of the motion to dismiss, which, being made at the close of the plaintiff's case, was in reality a motion for a nonsuit, the plaintiff was entitled to have the evidence presented in his behalf weighed and determined precisely the same as if the defendant had rested her case without offering any evidence. The ground upon which the rule that, where the plaintiff is nonsuited in a jury case, he is entitled to have the evidence viewed in the most favorable light, is extended to cases triable by the court, is, I take it, that, notwithstanding the fact that in such case the credibility of witnesses is for the court, this credibility must be determined on the whole case,

either in the light of this testimony not being denied, when, if untrue, it might have been, or in the light of corroborating evidence.

If these views are sound, it follows that the judgment should be reversed, and a new trial granted, but without costs.