Mollie Lentschner, an Infant, by Charles Schwartzberg, her Guardian ad Litem, Appellant, *v.* Max Lentschner, Respondent.

*Trial of issue of fact before the court — a decision must be made — a mere dismissal of the complaint not sustained on appeal.*

Where the entire issue involved in an action is one of fact which is tried before the court without a jury a decision must be made before a judgment can be entered; if, on appeal from a judgment rendered in such a case, it appears that no decision has been made (the trial court having simply dismissed the complaint), the Appellate Division will vacate the judgment and remit the case to the Special Term to the end that a decision may be filed.

Appeal by the plaintiff, Mollie Lentschner, an infant, by Charles Schwartzberg, her guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of July, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

*Alexander Rosenthal,* for the appellant.

McLaughlin, J. :

This action was brought to dissolve a marriage contract on the ground of fraud. The defendant made default in pleading, and did not appear at the trial or on the argument of the appeal.

The trial court, after hearing the proof offered by the plaintiff, rendered judgment dismissing her complaint upon the merits, from which she has appealed. The learned trial justice sitting at Special Term made no decision, and there is, therefore, no basis for the judgment. Where the whole issue is one of fact, and is tried by the court without a jury, a decision must be made before a judgment can be rendered. (Code Civ. Proc. § 1228.) This is absolutely necessary ; otherwise, there are no facts to sustain the legal conclusion drawn. (*Deeley* v. *Heintz,* 169 N. Y. 135.)

We are, therefore, unable to determine whether or not the court erred in rendering the judgment which it did, inasmuch as we are precluded from examining the case on the merits, and for that reason,

we think, the judgment appealed from should be vacated and the matter remitted to the Special Term to the end that a decision may be made.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Judgment vacated and case remitted to the Special Term.