KAPLAN v. FRIEDMAN CONST. CO.

(Supreme Court, Appellate Term. December 8, 1910.)

JUDGMENT (§ 570*)—RES JUDICATA.

Where, after plaintiff introduces evidence and rests, defendant moves for a dismissal of the case, judgment thereupon rendered for defendant is on the merits, and a bar to further action; defendant's conduct amounting to a statement that he rests, and to a submission by him to the court of any question of fact involved, though he omits to expressly state that he rests.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

Appeal from City Court of New York, Trial Term.

Action by Hyman Kaplan against the Friedman Construction Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed and dismissed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

James J. Mahoney (M. J. Wright, of counsel), for appellant.
Abraham H. Sarasohn, for respondent.

GUY, J. This is an appeal from a judgment of the City Court in favor of plaintiff and against defendant for the sum of $993.03 in an action for damages resulting from personal injuries. It is conceded that, prior to the commencement of this action, an action was brought in a Municipal Court by plaintiff against defendant for the same cause of action and judgment rendered "for defendant after trial" by the court sitting without a jury. In that action plaintiff introduced evidence and rested, whereupon defendant moved for a dismissal of the complaint, and the court reserved decision. Defendant offered no evidence. The trial was held on January 5, 1909, briefs were submitted January 9, 1909, and judgment rendered January 20, 1909.

It is contended by the respondent that, because defendant omitted to state that he rested, the only judgment the court had power to render was a judgment dismissing the complaint, which would not be a bar to this action. There is no merit in this contention. There was a trial of the issues, a submission of the case, and final judgment rendered. This constituted a judgment upon the merits.

"When a defendant moves for a nonsuit and says nothing more, * * * it amounts to a submission by him to the court of any question of fact involved in the case. * * * His conduct was equivalent to a statement by him that he rested, although he had no evidence to give. The court was authorized to determine all the issues in the case, and to decide all questions of fact and law, as fully as it would have been had the defendant's counsel expressed the legal effect of his action in words. * * * A decision disposing of the case on the merits is properly rendered on a motion to dismiss the complaint." Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158.

The judgment in the former action constituted a bar to the bringing of this action.

The judgment should therefore be reversed, and the complaint dismissed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes