GEORGE COLON & COMPANY, Appellant, *v.* SARAH B. SMITH, Respondent, Impleaded with Others.

**Nonsuit — dismissal of action tried by court without jury without making findings of fact — such dismissal a mere nonsuit not on the merits.**

Where in an action tried by the court without a jury, the trial justice made no findings of fact, although the facts were in dispute, but dismissed the complaint, the judgment entered on such decision is a mere nonsuit. The dismissal of the complaint was not on the merits and was improper.

*Colon* v. *Smith*, 178 App. Div. 100, reversed.

(Argued March 13, 1919; decided March 21, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1917, affirming. a judgment in favor of defendant, respondent, entered upon a dismissal of the complaint as to her by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Mortimer M. Menken* for appellant. Plaintiff's notice of lien was filed in time. (*Nancolas* v. *Hitaffer*, 12 L. R. A., N. S., 864; *Stidger* v. *McPhee*, 15 Col. App. 252; *McIntyre* v. *Tautner*, 63 Cal. 429; *Whitcomb* v. *Roll*, 81 N. E. Rep. 106; *Gordon Hardware Co.* v. *S. F. & S. R. R. Co.*, 86 Cal. 620; *St. Louis Nat. Stock Yards* v. *O'Reilly*, 85 Ill. 546; *Bruce* v. *Berg*, 8 Mo. App. 204; *G. F. E. Co.* v. *Schwartz Bros. Comm. Co.*, 165 Mo. 171; *Worthern* v. *Cleaveland*, 129 Mass. 570; *Turner* v. *Wentworth*, 119 Mass. 459; *Laudsberg & Co.* v. *Hein Const. Co.*, 135 App. Div. 819.)

*Lilian Herbert Andrews* for respondent. The question of the completion of this work under the excavation

contract is a disputed question of fact which having been determined by the court below adversely to the plaintiff is not reviewable in the Court of Appeals. (Code Civ. Pro. § 191, subd. 3.) Work done in repairing a sidewalk does not entitle a contractor to a mechanic's lien on the property to which the same is appurtenant unless such work upon the sidewalk is specifically included in the contract under which the lien is filed. (*Kenney* v. *Apgar,* 93 N. Y. 539; *Moran* v. *Chase,* 52 N. Y. 346; *Mosher* v. *Lewis,* 14 App. Div. 565.)

Pound, J. This is an action to foreclose a mechanic's lien. The Lien Law (Cons. Laws, ch. 33), section 10, provided that " the notice of lien may be filed * * * within ninety days after the completion of the contract, * * * dating from the last item of work performed or materials furnished." The only question here presented is whether plaintiff performed any services under a contract for excavation preliminary to the erection of a building made between the defendants Smith as owner and Fitzgerald as contractor within ninety days prior to filing its notice of lien therefor. The contract with Fitzgerald was an oral contract which was sublet to plaintiff and substantially completed by it many more than ninety days prior to such filing. The plaintiff contends that the contract required it to put the sidewalk adjoining the premises in as good condition as the contractor found it and that the last item of work performed consisted in remedying, at the request of the owner, defects in the work which it agreed to do on the sidewalk. If this was work done in good faith under the contract, its notice was timely filed. (*Kenney* v. *Apgar,* 93 N. Y. 539; *Milliken Bros., Incorporated,* v. *City of New York,* 201 N. Y. 65.) The time of the completion of the contract was a question of fact. The learned trial justice, after hearing all the evidence, said in his opinion that he found *no evidence* of any work performed on the sidewalk within the period

of ninety days before the lien was filed, and made a decision dismissing the complaint. No findings of fact were made and the judgment herein is a mere nonsuit both in form and intention. (Code Civ. Pro. § 1022; *Deeley* v. *Heintz,* 169 N. Y 129, 135; *Lindenthal* v. *Germania Life Ins. Co.,* 174 N. Y. 76, 81.) The Appellate Division affirmed by a divided court but made no findings.

The plaintiff unquestionably produced, if not undisputed evidence, at least evidence upon which the facts may be found in its favor. Indeed, the respondents make no stronger point in their brief than that " The question of the completion of this work under the excavation contract *is a disputed question of fact* which, having been determined by the court below adversely to the plaintiff, is not reviewable in the Court of Appeals." There has been no determination of the disputed question of fact. The dismissal of the complaint was not on the merits and was improper.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, MCLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.