### RIEGLER v. TRIBUNE ASS'N et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

CONDUCT OF TRIAL—QUESTION BY JUDGE.

> There is no error in the trial judge asking a witness proper questions considered necessary to elicit the truth, when the facts testified to are material, the condition of the evidence obscure, or the truth not fully revealed.

Motion for reargument. Denied.

For former opinion, see 57 N. Y. Supp. 989.

Reargued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry W. Sackett, for the motion.

Gilbert D. Lamb, opposed.

PER CURIAM. Counsel for the Tribune Association upon this motion assumes that, because his name was omitted in the opinion as counsel for the appellants, neither his oral argument nor his brief was considered by the court upon the decision of the appeal. Such an assumption is entirely without foundation. The omission of his name from the opinion was an oversight of the copyist, and it could hardly be assumed that the court overlooked an oral argument and a brief submitted in a case in which there was a dissent, and in which three opinions were written. It seems to us hardly

necessary to state that the fact that points presented upon an oral argument and in a printed brief are not discussed in an opinion does not imply that these points were overlooked in the decision of the case. To discuss every point presented and argued by counsel on appeals from judgments would add immensely to the length of written opinions, with which the courts and the profession are now so overburdened. All that the appellate courts can be asked with any propriety to do is to discuss the question of liability of the parties sought to be charged in the action, and to set forth the reasons that appear to the court to require the decision rendered. The counsel for the moving party presented to the court upon this appeal seven points, which he argued orally and at length, and submitted a voluminous brief. To comment fully on all these points would have required a very extended opinion. When we gave the reasons which we considered determined the liability of the defendants, and discussed the question as to the admissibility of evidence (upon which there was a division of the court), it would seem that we had done all that was necessary. On this motion, the appellants lay great stress upon the fact that the opinion failed to discuss the point that a new trial should be granted upon the ground of the decision in Bolte v. Railroad Co. (Sup.; argued at the February term), 56 N. Y. Supp. 1038. That was an exceptional case, the decision of which depended upon the peculiar features presented. Upon full consideration of this case, and after a careful examination of the record, we were satisfied that such circumstances and conditions as required the action taken in the Bolte Case did not appear in this. It did not seem to us necessary to discuss the differences that existed. The record on this appeal does not show that the court interposed in the examination of the witnesses for the plaintiff or for the defendants until after the defendants had rested, when, on rebuttal, Glennon, one of the defendants, who had been examined as a witness for the plaintiff, was recalled. The court asked the witness some questions, 11 of which appear to have been answered after objection by the defendant the Tribune Association. It is upon the action of the court in the examination of this witness that the appellants based their claim that the case was not fairly tried. There is nothing to show that the counsel did not have full opportunity to examine all of the witnesses in the way that they desired them to be examined, nor was there any interference by the court with counsel for either party in presenting the case in their own way. All that is claimed is that when the defendant Glennon, an employé of the Tribune Association, and whose act it was that caused the injury, was recalled as a witness, the court asked certain pertinent questions for the purpose of eliciting the truth and presenting the facts clearly to the jury. Certainly, no court has ever held that it was reversible error for a trial judge to ask a witness a series of proper questions which were considered necessary to elicit the truth, when the facts testified to are material, the condition of the evidence, obscure, or the truth not fully revealed. We are not called upon to point out in every case distinctions

which may exist between cited cases and the one under immediate consideration.

The other points not discussed in the opinions of the court were fully considered. We did not then, nor do we now, think that they require discussion. The dissent expressed was as to whether we .should have reversed the judgment because of alleged errors in the admission of evidence, and nothing else. The considerations which required us to sustain the judgment are fully given in the opinions formerly presented. The points urged by the defendants were all considered and discussed by the different members of the court in arriving at the conclusion, which was the deliberate decision of the court; and there is nothing that would justify the granting of a reargument. The defendants have a right to appeal from our judgment, and the court of appeals will correct an error, if any there be, in our determination of the case.

Motion denied, with $10 costs.