WILLIAM R. WARE, Appellant, *v.* BENJAMIN F. DOS PASSOS
et al., Respondents.

1. APPEAL — REVIEW OF NONSUIT. A judgment dismissing a com-
plaint, on the ground that plaintiff had failed to make out a cause of
action, entered without a decision of the trial court upon the facts estab-
lished at the trial, is a judgment upon a nonsuit, and may be reviewed
in the Court of Appeals.

2. ACTION FOR BROKER'S COMMISSIONS — EVIDENCE PRECLUDING NON-
SUIT. Proof that the defendant, a lawyer, admitted to the plaintiff, a
broker, that he considered the plaintiff to be the "procuring cause" of
the sale of defendant's real estate, is evidence supporting the plaintiff's
cause of action, and a judgment entered upon a nonsuit in an action
brought by the broker to recover commissions must be reversed.

*Ware* v. *Dos Passos,* 13 App. Div. 625, reversed.

(Argued February 7, 1900; decided March 27, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Feb-
ruary 8, 1897, affirming a judgment in favor of defendants
entered upon a verdict, and an order denying a motion for a
new trial.

. The nature of the action and the facts, so far as material,
are stated in the opinion.

*Arnold Charles Weil* and *Robert Weil* for appellant.
There was evidence from which a jury might have found that
the plaintiff procured the purchaser. (*Sibbald* v. *Bethlehem
Iron Co.,* 83 N. Y. 378; *Lyon* v. *Mitchell,* 36 N. Y. 235;
*Lloyd* v. *Matthews,* 51 N. Y. 124; *Wylie* v. *M. Nat. Bank,*
61 N. Y. 415; *Smith* v. *McGovern,* 65 N. Y. 574; *Sussdorff*
v. *Schmidt,* 55 N. Y. 319; *Mansell* v. *Clements,* L. R. [9 C.
P.] 139.)

*Samuel G. Adams* for respondents. The plaintiff has failed
to prove that he was the procuring cause of the sale. (*Gerd-
ing* v. *Haskin,* 141 N. Y. 519; *Wylie* v. *M. Nat. Bank,* 61
N. Y. 415; *Martin* v. *Bliss,* 57 Hun, 159; *Smith* v.

*McGovern*, 65 N. Y. 574; *Baker* v. *Thomas*, 12 Misc. Rep. 432; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378.) The affirmance of the judgment appealed from having been unanimous this court can only inquire if an error of law has been committed. It cannot inquire as to the facts. (Code Civ. Pro. § 191.)

HAIGHT, J. This action was brought to recover a broker's commissions claimed to have been earned by the plaintiff in procuring a purchaser of the defendants' real estate on Fulton street in the city of New York.

Upon the first trial of this action a judgment was rendered in favor of the plaintiff, but it was reversed by the Appellate Division and a new trial ordered. Upon the new trial the complaint was dismissed and a judgment entered in favor of the defendants, which has been unanimously affirmed by the Appellate Division. If the trial court found the facts established by the evidence in favor of the defendants and upon such findings dismissed the complaint upon the merits, no review under the Constitution could be had in this court. If, however, as the appellant contends, the trial resulted in a nonsuit, the appellant is entitled to succeed upon this appeal if there was some evidence supporting his cause of action. (*Scofield* v. *Hernandez*, 47 N. Y. 313; *Place* v. *Hayward*, 117 N. Y. 487.)

Upon referring to the record we find that the trial took place before a judge without a jury upon the stipulation that the evidence should be the same as that taken upon the former trial and read from the printed case on appeal, and if the court found for the plaintiff it should award to him one thousand and twelve dollars and fifty cents ($1,012.50), that being one per cent on the purchase price and the usual broker's commissions, with interest from March 11, 1893. Following the stipulation is a motion by defendants' attorney to dismiss the complaint on the ground that the plaintiff had failed to make out a cause of action. The motion was granted and an exception was taken by the plaintiff.

This appears to be the entire record of the trial upon which the judgment in this case was entered.

There is no verdict of a jury, report of a referee, or decision of a court upon which a judgment could be entered. A decision of a court upon the trial of an issue of fact or of law must be in writing, signed by the trial judge, and must state separately the facts found and the conclusions of law, or must state concisely the grounds upon which the issues have been decided and direct the judgment to be entered thereon. The decision must be filed with the clerk and made a part of the judgment roll. (Code Civ. Pro. §§ 1010 and 1022; *Wood* v. *Lary*, 124 N. Y. 83; *Gilman* v. *Prentice*, 132 N. Y. 488; *Raabe* v. *Squier*, 148 N. Y. 81, 84; *MacNaughton* v. *Osgood*, 114 N. Y. 574.) . It is, therefore, apparent that no judgment upon the merits is before us for review. In case of a nonsuit no findings of fact are required (Code Civ. Pro. sec. 1021), and in view of the condition of the record and the admission of counsel upon the argument we think we must, under the circumstances, treat the judgment as entered upon a nonsuit.

Was there evidence supporting the plaintiff's cause of action? We think the question must be answered in the affirmative. Inasmuch as there must be a new trial, we do not deem it necessary or advisable to enter upon an elaborate discussion of the evidence. When the testimony comes to be considered by a jury, or by a judge who is to determine the facts, some of the plaintiff's evidence may be disbelieved. It is not the province of this court to determine the facts. We are called upon only to determine whether there is any evidence upon which a finding in favor of the plaintiff could be based. Upon this question we think it necessary only to call attention to one item of evidence given by the plaintiff, and that is his testimony of the admission of the defendant Dos Passos, to the effect that he considered the plaintiff to be what the law denominated "the procuring cause." As we have seen, this action was brought to recover broker's commissions in procuring a purchaser of the defendants' real estate. The defendant Dos Passos was a lawyer, and, therefore, fully

understood the meaning of the term "the procuring cause" as applied to claims of this character. It was, in effect, an admission that the plaintiff had procured a purchaser, and consequently had earned his commissions. (*Smith* v. *McGovern*, 65 N. Y. 574; *Wylie* v. *Marine National Bank*, 61 N. Y. 415.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., O'BRIEN, LANDON, CULLEN and WERNER, JJ., concur; GRAY, J., not voting.

Judgment reversed, etc.