## PALMER v. DURAND.

(Supreme Court, Appellate Division, Second Department. June 20, 1901.)

BROKERS—SALE—PROCURING CAUSE—COMMISSION—QUESTION FOR JURY.

    Plaintiff was employed by defendant to sell her real estate for $7,000. He negotiated with a purchaser who would give but $5,500. The purchaser then went to defendant, who sold to him for that sum. Defendant wrote plaintiff that she had sold, that she could not get the purchaser to pay plaintiff's commission, and, of course, she was to pay him the percentage allowed by law; that he had charge and the keys of the place, and the reward was due to him, even if she had the most trouble for the purchasing *Held*, in an action to recover commissions for the sale, the question of plaintiff's employment to make the sale, and whether the sale was effected through his agency as the procuring cause, was for the jury.

Appeal from Westchester county court.

Action by William D. Palmer against Marie Durand. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial on the minutes, he appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Rawson L. Smith, for appellant.
Michael J. Tierney, for respondent.

SEWELL, J. This action was brought to recover commission claimed to have been earned by the plaintiff in procuring a purchaser of defendant's real estate. At the close of the evidence the trial judge directed a verdict for the defendant, and we are called upon to determine whether there was any evidence upon which a finding of fact in favor of the plaintiff could be based. It appears from the proof that the plaintiff was in the real-estate business; that the defendant employed him to take charge of and to sell the property for $7,000; that she gave him the keys, and he put up a sign reading: "For Sale or To Let. Apply to William D. Palmer." It appears that plaintiff opened negotiations with Underhill, the purchaser; gave him the keys of the house and the price of the property; that Underhill offered $5,500, which the plaintiff refused, whereupon Underhill applied to the defendant, who sold him the property for that sum, and then wrote to the plaintiff that she had sold the property, and, "of course, I am to pay you the commission of percentage allowed you by law. It has not been possible for me to induce him to pay your commissions. * * * You had charge and keys of the place. The reward is due to you, even if I had the most trouble for the purchasing." This evidence was sufficient to call for and require the submission to the jury of the questions of plaintiff's employment by the defendant, and whether or not the sale was effected through the plaintiff's agency as its procuring cause. In Lloyd v. Matthews, 51 N. Y. 124, it was held that, if the broker's communications with the purchaser were the means of bringing him and the owner together, and the sale resulted in a contract, the compensation was earned, although the broker did not negotiate, and was not present at, the sale. It appeared by defendant's letter that she knew that the plaintiff had been instrumental in sending the purchaser, and, while it was true that the purchase price was less than the sum fixed by the defendant, the plaintiff is entitled to at least a proportion of the agreed commission, as defendant continued the negotiation commenced by the plaintiff, and the sale proceeded from his efforts. Martin v. Silliman, 53 N. Y. 615. In Ware v. Dos Passos, 162 N. Y. 281, 56 N. E. 742, the court held that defendant's admission that he considered the plaintiff to be the procuring cause of the sale was evidence supporting plaintiff's cause of action, and that a judgment entered upon a nonsuit in an action brought by the broker to recover commissions must be reversed. We are of opinion that there was sufficient evidence that the plaintiff procured the purchaser, and was, in the meaning of the term, "the procuring cause," to require the submission of the question to the jury, and that the court erred in directing a verdict for the defendant.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.