(72 App. Div. 278.)

SHEDRICK v. YOUNG.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. CONTRACTS—SERVICES—BURDEN OF PROOF.
In an action for services as a watchman, rendered one deceased, plaintiff having introduced a subscription paper addressed to plaintiff, and running to "a night watchman who will satisfactorily discharge his duties," it having been optional with the subscriber to withdraw at any time, and a notice of withdrawal being sufficient, it was incumbent on plaintiff to at least show that he acted as watchman.

2. SAME—STATUTES—WITNESSES—TRANSACTION WITH DECEASED PERSON.
Plaintiff's testimony that he rendered services as a night watchman was not objectionable, under Code Civ. Proc. § 829, as going to a transaction with a deceased person, as the subscription paper did not call for services to be rendered directly to the subscriber.

3. SAME—EVIDENCE—BEST EVIDENCE.
It was error to exclude questions to a witness as to whether plaintiff acted as night watchman for deceased, on an objection that the subscription paper must control; plaintiff not having declared on the written agreement.

Appeal from judgment on report of referee.

Action by Frank B. Shedrick against Hannah M. Young, as executrix of the will of Jesse Young, deceased. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Edward S. Coons (James W. Verbeck, of counsel), for appellant.
J. S. L'Amoreaux, for respondent.

KELLOGG, J. The plaintiff introduced in evidence a subscription paper purporting to be signed by Jesse Young, now deceased. The paper is of little value to support the allegations of the complaint, without proof of extrinsic facts. The paper runs to "a night watchman who will discharge his duties in a satisfactory manner," and is addressed to plaintiff. No term of service is fixed,—neither the beginning nor the ending. The 25 cents promised is uncertain, as to wheth-

er daily, weekly, monthly, or yearly. Under such circumstances, there is obviously much to be proven before a recovery is possible. How the plaintiff acted in respect to serving as night watchman thereafter, how the deceased acted touching such services and payment therefor, are important. It was optional with the subscriber to at any time withdraw from all obligation to pay, and notice of such withdrawal would have been sufficient. It was incumbent upon plaintiff to at least show that he acted as watchman, to be entitled to any sum whatever. With the apparent view of making this proof, the plaintiff was asked questions objectionable in form, and those were properly excluded as calling for a personal transaction with the deceased. Then he was asked this question: "Did you render services as night watchman prior to his death?" This was objected to as not admissible, under section 829 of the Code. Bearing in mind that the subscription paper does not call for services to be rendered directly to the subscriber, I think this question did not call for proof of services rendered to the deceased, and therefore it was a proper question, and the witness should have been allowed to answer. In view of the difficulties the plaintiff has to surmount to make good his claim, he should have been permitted all the latitude the law allows. There is no apparent way to prove the services as night watchman, except this way. This way does not imply a personal transaction.

I think, also, these questions, asked of witness Gilligan, were improperly excluded:

"Do you know whether or not Shedrick had charge of the defendant's place of business, as night watchman, during these years?" "Do you know whether or not the plaintiff had an agreement with the defendant's testator to watch his place of business, on Milton avenue?"

The objection to this last question that there was a writing introduced, and that must control, does not go to the form of the question, and is not a good objection, for the reason that plaintiff did not declare upon a written agreement, and he had in no way made the subscription paper the sole foundation for his action. He was at liberty to prove any other agreement he was able to prove.

These rulings were of sufficient importance to make the errors sufficient grounds for reversal.

The judgment is reversed, with costs to the appellant to abide the event. All concur; PARKER, P. J., in result.