(86 App. Div. 368.)

METCALFE v. GORDON et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

**1. BROKERS—COMMISSION.**
Plaintiff was employed to find a purchaser for certain real estate at a price satisfactory to defendants, and to receive a commission of 2½ per cent. unless the price received was $47,000 or over, in which event he was to receive $2,500. In an action to recover the commission, it was undisputed that plaintiff was so employed, and that he was the first to call the purchaser's attention to the property, and that, after the sale was made by defendants for $30,000, plaintiff had a conversation with one of the defendants, in which the latter stated that he thought plaintiff was fairly entitled to the commission. *Held,* that such facts warranted findings that plaintiff was not limited in his employment to finding a purchaser at $47,000, and that he was the procuring cause of the sale.

**2. SAME—WITHHOLDING INFORMATION FROM PRINCIPAL.**
That plaintiff did not inform defendants that the purchaser was his customer before the sale was not controlling of the issue as to whether plaintiff was the procuring cause of the sale to him.

**3. SAME—TRIAL—REMARKS OF JUDGE—HARMLESS ERROR.**
Where, in an action for a broker's commission, the evidence established that plaintiff was the procuring cause of the sale, and it was claimed by defendants that the sale was made through two other brokers, a remark of the judge during the examination of one of such brokers, on its appearing that he had been paid by the purchaser to induce the owner to sell at a lower price, that a broker who had no more business honesty than that ought not to have had a commission from anybody, was not prejudicial.

**4. SAME—EXAMINATION OF WITNESS BY COURT.**
Where during the trial the court frequently interjected questions to certain of the witnesses without objection or exception, and it was apparent that such questions were asked in an impartial desire to elicit the truth, the court's action was not error.

Appeal from Trial Term, Richmond County.

Action by George Metcalfe against Louis Gordon and others. From a judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial on the minutes, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Jacob Gordon (Arthur N. Harris, on the brief), for appellants.

Louis S. Phillips (George J. Greenfield and Arthur D. Greenfield, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff's action is for a broker's commission on the sale of real estate. The complaint alleges that the plaintiff, on the defendants' employment to procure a purchaser of the Pavilion Hotel, at or near St. George, in the borough of Richmond, at a price acceptable to them, did procure Charles Rosenberg as such purchaser. The answer admits the ownership of the property by the defendants, and its sale to Rosenberg, and denies every other allegation of the complaint.

The evidence given on the trial was sufficient to justify the jury in concluding that the plaintiff was employed by the defendants to find a purchaser for the property at a price satisfactory to them; he to receive a commission of 2½ per cent. unless the price received was $47,000 or over, in which event he was to receive $2,500. The asking price was to be $50,000. The employment was on the 2d day of November, 1900; and on the 27th of that month the plaintiff saw Rosenberg, and undoubtedly interested him in the property, with a view to a purchase, and reported him to the defendants as a prospective purchaser, by description, but not by name. He also informed Rosenberg of the names of the defendants, as the owners of the property, but without giving him their address. On December 11, 1900, the defendants contracted with Rosenberg for the sale of the property to him at the price of $30,000. On learning a few days afterwards that the property had been sold, the plaintiff called on the defendant Gordon, who appears to have had charge of the matter on behalf of the defendants, and the following conversation was had, according to the plaintiff's testimony:

"I told Mr. Gordon that Mr. Rosenberg had informed me that Mr. Weil had purchased the Pavilion Hotel property. He said: 'That is not true. The property has been purchased by Mr. Rosenberg.' I told him: 'Mr. Rosenberg is my customer.' He said: 'You don't say so!' I told him: 'My impression is I told you that Mr. Rosenberg was my customer, but I now tell you he is.' After talking over the matter, Mr. Gordon said: 'I think, Metcalfe, you are fairly entitled to the commission. I have not paid it yet, but some broker who is making the exchange between Prentiss and myself is the one who is getting the commission in this sale to Rosenberg; and, if it comes to a question of paying two commissions, I will put them in the hands of the court, and let the court decide who is entitled to that commission.' I said: 'Mr. Gordon, that is a very fair proposition, and I am willing to abide by it.'"

It was undisputed upon the trial that the defendants did employ the plaintiff to procure a purchaser, and that he was the first to call Rosenberg's attention to the property; and this conversation, in which the defendant who negotiated the employment admitted that, on a sale to Rosenberg at the price of $30,000, the plaintiff was entitled to his commission, was sufficient to warrant the jury in finding that the plaintiff was not limited to finding a purchaser at $47,000, but that the

employment was as set up in the complaint. This is the logic of the decision in Ware v. Dos Passos, 162 N. Y. 281, 56 N. E. 742, followed by this court in Palmer v. Durand, 62 App. Div. 467, 70 N. Y. Supp. 1105. The admission is evidence supporting the plaintiff's cause of action, and, being sufficient to establish both the fact of the broker's employment, and that he was the procuring cause of the sale, must be deemed sufficient to establish that the sale was effected upon terms and conditions which were within the scope of the employment.

The defendants claimed that the sale was made through the agency of two brokers, Fred W. Janssen and Goodman Freedman, to each of whom the defendants paid a commission with full knowledge, as the jury may have found, that the purchaser was the plaintiff's customer. It is unnecessary to recite the circumstances in detail by which these agents and Rosenberg came into contact. The facts presented a fair issue to the jury on the question of procuring cause, independently of the admission referred to; this issue was fairly submitted to them by the learned trial justice; and, in view of the two decisions hereinbefore cited, which expressly hold that an admission by the seller that the broker is entitled to the commission is sufficient proof that he has been the procuring cause, the finding of the jury in the plaintiff's favor cannot be disturbed.

The fact that the plaintiff did not inform the defendants that Rosenberg was his customer is not necessarily controlling. This was held in Lloyd v. Matthews, 51 N. Y. 124. The court said (page 132):

"It is sufficient to entitle a broker to compensation that the sale is effected through his agency, as its procuring cause; and if his communications with the purchaser were the cause or means of bringing him and the owner together, and the sale resulted in consequence thereof, the broker is entitled to recover."

And on the same page, referring to a refusal to charge that the seller is entitled to know that the party with whom he is dealing is a customer of the broker, if such be the fact, the court said:

"The sixth proposition is not correct. It is to be understood, in the connection in which it is presented, as declaring that, although a party is brought, through the agency and instrumentality of the broker, into a negotiation and dealing with the owner, which actually results in a sale, yet the broker is not entitled to compensation, unless it is made known to the owner that the purchaser is his customer. That is not true. It is sufficient that the purchaser is in fact such customer."

The case of Sussdorff v. Schmidt, 55 N. Y. 319, is to the same effect. And in Wylie v. Marine National Bank, 61 N. Y. 415, the doctrine was repeated; the court saying (page 416):

"It is not indispensable that the purchaser should be introduced to the owner by the broker, nor that the broker should be personally acquainted with the purchaser. But in such cases it must affirmatively appear that the purchaser was induced to apply to the owner through the means employed by the broker. If he was the producing cause of the sale, his right to compensation will not be affected by the circumstance that the owner was ignorant of it at the time he entered into the contract with the purchaser. Sussdorff v. Schmidt, 55 N. Y. 320."

It is not questioned but that the fact that the owner does not know that the purchaser is the customer of his broker is an important one,

having a proper bearing upon the determination of who in fact was the procuring cause of a sale, and it would be easy to suggest circumstances in which the fact might be deemed controlling; but in this particular case the evidence not only sustains the finding of the jury that the plaintiff was the procuring cause, but, in view of the speedy sale to Rosenberg after the plaintiff had called his attention to the property, almost tends to excite a suspicion that some one connected with the consummation of the transaction was inspired by a desire to deprive him of the benefits of his employment.

The fact was developed that Rosenberg paid to Janssen and Freedman each the sum of $1,000 as a sort of bribe to induce them to procure the sale of the property to him at the sum of $30,000, and the fact that the learned trial justice remarked, when Freedman confessed the fact while on the stand, "You ought not to have had a commission from anybody. A broker who has no more business honesty than that"—to which remark the defendants excepted, is urged in support of the claim that the court was hostile and unfair in his attitude toward them. Just previous to the remark the witness had testified that the property had been placed in his hands to sell for $50,000, and in effect that because of Rosenberg's offer of $1,000 he had tried to get it for him at $30,000. The court then asked him the question, "Do you mean to say that you think that is the sort of good faith that a broker owes to a man who puts his property in his hands to sell for him, when he tries to get it from the seller as cheap as he can?" and the witness answered, "It is not good faith, I don't think." Whatever criticism the remarks of the court may legitimately invite, I can see no evidence of hostility or unfairness to the defense that the plaintiff was not the procuring cause of the sale. When Rosenberg was on the stand as a witness for the plaintiff, he was asked if he did pay Janssen a commission on the transaction, and the evidence was excluded on the defendants' objection. On the question being subsequently repeated and the objection being overruled, he answered: "I did not pay it," but added:

"I paid some money, but I did not pay the commission. * * * I did not pay any commission. They told me that Muller could buy it for $40,000. I told them if they could get it for $30,000 for me I would give each one $1,000—Mr. Janssen and Mr. Freedman. Q. And you paid them? A. $1,000 each. That is correct."

Muller was not examined as a witness, but figures throughout the case as a possible buyer; and the taking of $2,000 by these brokers without the defendants' knowledge, presumably for effecting a sale to the prejudice of their employers, was surely reprehensible and perfidious. The fact was undisputed, and admitted by both brokers. It had no direct bearing upon the main issue, and there is nothing to indicate that the court, if requested, would not have instructed the jury that the credibility of the witnesses and the weight to be given to their testimony were solely within their province. No such request was asked, and no exception taken to the general charge. Under these circumstances, the remarks of the court had no apparent influence upon the result, and clearly do not call for a reversal. Winne v. McDonald, 39 N. Y. 233; Hoffman v. N. Y. Cent. & Hud. Riv. R.

Co., 87 N. Y. 25, 41 Am. Rep. 337. In view of the great weight at-
tached by juries to expressions from the bench, harsh remarks about
the motives of witnesses may not be generally commended, yet as was
said by the Court of Appeals in the Hoffman Case, supra, at page 32:

"It would greatly embarrass the administration of justice if every unguard-
ed expression of opinion by the judge on a question of fact during a trial
should be subject to exception, as invading the province of a jury; and we
have seen no well-considered authority sustaining such a rule."

The learned counsel for the appellants claim that the defendants did
not receive a fair and impartial trial, in that the learned court fre-
quently examined the witnesses in a spirit of opposition and hostility
to the defense. While the practice by a court of interjecting a series
of questions on the examination of each witness may easily grow into
an abuse, calling for reversal in a proper case, what was done in this
instance was done without objection or exception of any kind, and in
an apparent impartial desire to elicit the truth. The language of the
court in Riegler v. Tribune Association, 41 App. Div. 490, 492, 58
N. Y. Supp. 807, 808, seems quite applicable, viz., that:

"No court has ever held that it was reversible error for a trial judge to
ask a witness a series of proper questions which were considered necessary
to elicit the truth, when the facts testified to are material, the condition of
the evidence obscure, or the truth not fully revealed."

Other matters assigned as ground of error have been examined,.
and none found requiring that the case should be re-tried. The judg-
ment and order should therefore be affirmed

Judgment and order affirmed, with costs. All concur.