(100 App. Div. 403)

HARRIS et al. v. BUCHANAN et ux.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. DISMISSING COMPLAINT.
    Dismissing a complaint on the merits on a motion for nonsuit at the close of plaintiff's evidence, or at the close of the entire evidence in the action tried before a jury, is unauthorized, though a verdict may be directed for defendant at the close of all the evidence.

2. BILLS AND NOTES—CONSIDERATION—BURDEN OF PROOF.
    In an action on a note which recites the consideration, the burden of proving want of consideration is on defendant.

3. SAME—SUFFICIENCY OF EVIDENCE.
    Where defendant in an action on a note reciting a consideration offers no evidence to show want of consideration, it was error to dismiss the complaint at the close of the evidence.
    Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by John F. Harris and others, copartners doing business under the firm name and style of J. F. Harris, against Charles P. Buchanan and wife. From a judgment dismissing the complaint on the merits, pursuant to a direction of the court, on the close of the evidence, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James M. Gifford, for appellants.
John J. Adams, for respondents.

LAUGHLIN, J. The plaintiffs are stockbrokers, and the defendants are husband and wife. The action is upon a joint note made by the defendants to the order of the plaintiffs for $40,000, bearing date May 9, 1901, payable 30 days after date at the Astor National Bank, New York City. It recites that it is given for value received. At the close of all the evidence, counsel for the defendants moved for the dismissal of the complaint, as against the respondent, upon the ground that there was no evidence to show that there was any consideration for the note, and, further, that there was no evidence of any indebtedness on the part of her husband to the plaintiffs. The motion was granted, and the

¶ 2. See Bills and Notes, vol. 7, Cent. Dig. § 1654.

complaint was dismissed upon the merits. Counsel for the defendants duly excepted.

We observe that the practice of dismissing a complaint upon the merits at the close of the evidence in jury cases, instead of directing a verdict, has become quite common, but we think it is unauthorized. There is no authority for dismissing a complaint upon the merits on a motion for a nonsuit at the close of the plaintiff's case, or at the close of the entire evidence, in an action triable and tried before a jury. A verdict may be directed in favor of the defendant at the close of all the evidence, and this would undoubtedly be upon the merits. In any event, therefore, it would be necessary to strike out the provision dismissing the complaint upon the merits; but, upon another ground, we think the judgment must be reversed.

Through one Rogers, an employé of the plaintiffs, the respondent's husband employed the plaintiffs to buy and sell stocks for him. At the time the note in question was given, it is conceded that Rogers, in behalf of the plaintiffs, informed Buchanan that his margins had been wiped out, and that he was indebted to the plaintiffs in a large amount, and they demanded security. According to the testimony of Buchanan and his wife, Rogers stated the amount of the indebtedness to be $23,-000 or $24,000; but, according to the testimony of Rogers, he stated it to be $40,000. However, the amount as stated by him was neither denied nor questioned by either of them at that time. According to the testimony of Rogers, the security was given for the amount of the indebtedness, and to satisfy the plaintiffs concerning the indebtedness during the period of one month, at the expiration of which Buchanan expected to be able to pay the same. According to the testimony of Buchanan and his wife, it was given to cover the existing indebtedness as stated by Rogers, which, as they claim, was only $23,000 or $24,000, and to furnish margins upon which the plaintiffs could carry 1,600 shares of the Atchison, Topeka & Santa Fé Railroad stock still held by them for him for a period of one month, or until such time as it should sufficiently increase in value to enable the realization of a profit sufficient to pay the indebtedness. Rogers denied that there was any agreement or understanding that the plaintiff should continue to carry this stock. The stock was in fact sold within a few days. It is manifest that, if the facts are as testified to by the defendants, the consideration for the note failed, and there could be no recovery thereon; but, on the other hand, if the jury believed the testimony of Rogers, they would be authorized in finding for the plaintiffs. Assuming his testimony to be true, it might fairly be inferred therefrom that this note was given to induce the plaintiffs to refrain from pressing the payment of the indebtedness owing by Mr. Buchanan to them. Of course, that would afford a good consideration as against both defendants. The respondent, however, contends that there was in fact no consideration, for the reason that it was not shown by any competent evidence that her husband owed the plaintiffs $40,000, or any other sum. As already stated, however, there was testimony from which the inference might fairly be drawn that Rogers' claim as to the indebtedness was acquiesced in, but it is sufficient that the note itself recites a consideration. The plaintiffs were not bound, in these circumstances, to show

a consideration. If there was no consideration, the burden was upon the respondent to show that fact. She offered no evidence tending to establish the fact, or to overcome the presumption raised by the recital of consideration in the note itself. There was therefore a question of fact presented, which should have been submitted to the jury, and the court erred in dismissing the complaint, and the exception thereto was well taken.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. I agree with the court below that, upon the whole evidence, it appeared that there was no consideration for the promise of the respondent to pay to the plaintiffs the amount of the promissory note sued on. The obligation being in form a joint promissory note, there was a presumption of consideration; but, as between the original parties, the existence of a consideration was a question of fact. The respondent alleged as a defense that there was no consideration of a promise, and, upon the conceded facts, I think the absence of consideration was established. The only claim of a consideration was the agreement by the plaintiffs to forbear the enforcement of a claim against the defendant. It is conceded that the respondent received nothing from the plaintiffs for the note, and that the plaintiffs parted with nothing upon the faith of the note, unless it was the right to enforce their demand against the respondent's husband. I can find no evidence in the record to show that there was any existing indebtedness of the respondent's husband to the plaintiffs at the time of the execution of the note. There was evidence on behalf of the plaintiffs that their agent claimed an indebtedness of $40,000, and the evidence on behalf of the defendants is that the claim was for a much smaller amount. But to establish a consideration, I think, it must appear that there was an existing indebtedness, and that by accepting the note the plaintiffs undertook not to enforce that indebtedness until the note became due. Proof that there was a claim of an indebtedness, without evidence of an actual, existing indebtedness, is not, I think, sufficient. I therefore dissent.