#### KALKSTEIN v. JACKSON.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. BROKERS (§ 53*)—COMPENSATION—SUFFICIENCY OF SERVICES.

Though it is not essential to entitle a broker to commissions for making a sale, that he should have introduced the purchaser to the owner, or even have known the purchaser, or that the owner should have known that the broker caused the sale, the broker must show affirmatively that the purchaser was induced to buy through the means employed by him.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

2. BROKERS (§ 88*)—ACTIONS FOR COMMISSIONS—JURY QUESTION—CAUSE OF SALE.

In a broker's action for commissions, whether plaintiff was the procuring cause of the sale held for the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 128, 129; Dec. Dig. § 88.*]

Appeal from Trial Term, Kings County.

Action by Harry Kalkstein against Samuel Jackson. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Walter J. Rosenstein, for appellant.
Edward W. S. Johnston, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, J.   The defendant appeals from a judgment against him for broker's commissions on the sale of defendant's real estate.   The plaintiff complains that the broker under his employment produced Ritter as a purchaser, who was accepted, and that the defendant thereupon entered into a contract of sale with Ritter, or with Berkowitz, acting for her, or with them both, whereby the commissions were earned.   The answer was a denial.   The learned court, under exception, gave the final instruction to the jury that the plaintiff brought a purchaser who made a contract and carried it out, and that Berkowitz was, "for the purpose of brokerage, Ritter," and added:

"The crucially grave question is whether Jackson, the defendant, was innocent of knowledge that Berkowitz, the actual signer of the contract, was doing it in the interest of himself and Ritter."

I think that the learned court went too far thus to instruct the jury in effect that the plaintiff had been the efficient cause of this sale, instead of submitting the question to it.   The evidence established the employment and the production of Ritter as a purchaser, and that there were negotiations between them looking to the execution of a written agreement.   But it appeared that such an agreement was never executed.   Shortly afterward Berkowitz was brought to the attention of the defendant through an outside source, and apparently on his own account and in his own name, without there being an indication of the hand of the broker in the affair, made the agreement with the defendant which resulted in a sale to Berkowitz alone.   The evidence of Berkowitz is that this opportunity was brought to him by the Ritters alone, that he was put forward to act for himself, and the Ritters who were secret joint venturers with him.   Those facts did not establish conclusively (and thus outside of the province of the jury) that the broker was the procuring cause of the sale to Berkowitz.   Although it is not essential that the broker should have introduced Berkowitz to the defendant, or even have known Berkowitz, or that the defendant should have known, had it been the fact, that the broker was the producing cause of the sale to Berkowitz, yet it "must affirmatively appear that the purchaser was induced to apply to the owner through the means employed by the broker."   Metcalfe v. Gordon, 86 App. Div. 368, 83 N. Y. Supp. 808; Sussdorff v. Schmidt, 55 N. Y. 319; Wylie v. Marine National Bank, 61 N. Y. 415.

The mere fact that the broker had originally produced Ritter as a purchaser was not in itself enough to establish conclusively that the broker was the procuring cause of the sale to Berkowitz, under the circumstances of the case; for the jury could have found that, even though the broker thus "planted the very seeds," he did not establish his right to "the harvest."   Sibbald v. Bethlehem Iron Co., 83 N. Y. at page 383, 38 Am. Rep. 441.

I advise that the judgment and order be reversed, and that a new trial be granted; costs to abide the event.   All concur.