STRODL v. FARISH-STAFFORD CO.

(Supreme Court, Appellate Term.   May 5, 1910.)

1. APPEAL AND ERROR (§ 1061*)—HARMLESS ERROR—DISMISSAL OF COMPLAINT ON THE MERITS.

On the trial before a jury after both sides had rested, the court, on motion of defendant, dismissed the complaint, subsequently amending the order by adding "on the merits." *Held* that, strictly speaking, a complaint cannot be dismissed on the merits in an action at law on a trial before a jury, the direction of a verdict for defendant being the proper method; but the error was only one of form, the judgment roll showing that both sides had rested when judgment was rendered, and that the defense was of a character to defeat the cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1061.*]

2. JUDGMENT (§ 570*)—DISMISSAL—NONSUIT.

Under Code Civ. Proc. § 1209, providing that a final judgment dismissing the complaint after a trial does not prevent a new action for the same cause of action, unless it expressly declares it, or it appears by the judgment roll that it was rendered upon the merits, in trials in equity, or by a court without a jury, a judgment of dismissal would be merely a nonsuit, and, if it is intended to be upon the merits, the addition of the words "upon the merits" to the judgment is necessary.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 570.*]

Appeal from City Court of New York, Trial Term.

Action by Edward V. Strodl against the Farish-Stafford Company. Judgment dismissing the complaint, which was subsequently amended by adding the words "upon the merits" (65 Misc. Rep. 625, 121 N. Y. Supp. 93), and plaintiff appeals from the order granting such amendment.   Order affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edward Kellogg Baird, for appellant.

Elbridge L. Adams, for respondent.

BIJUR, J.   The action was for the purchase price of shares of stock of the defendant company, held by plaintiff, who was an employé, and who claimed a contract from defendant to purchase his shares whenever he might leave its employ.   The defense included the plea of ultra vires.   Defendant also interposed a counterclaim on a note made by plaintiff in part payment of these shares.   After plaintiff had rested, defendant introduced the statute of Connecticut (where defendant is incorporated) and rested.   Defendant then moved to dismiss the complaint, and asked for an affirmative judgment on its counterclaim, based on admissions in the reply.   Both requests were granted.

We are not concerned, on this appeal, with the correctness of the judgment below, or the accuracy of the rulings on the admission and exclusion of evidence, but only with the question whether the complaint was "dismissed on the merits."   Strictly speaking, there is no such thing as a dismissal on the merits of a complaint in an action at law on a trial before a court and a jury.   The appropriate proceeding is the direction of a verdict in favor of defendant.   Harris v. Buchanan, 100 App. Div. 403, 404, 91 N. Y. Supp. 484; Niagara Fire

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

122 N.Y.S.—39

Ins. Co. v. Campbell Stores, 101 App. Div. 400, 401, 402, 92 N. Y. Supp. 208; Stumpf v. Hallahan, 101 App. Div. 383, 387, 388, 91 N. Y. Supp. 1062; Molloy v. Whitehall-Portland Cement Co., 116 App. Div. 839, 840, 843, 102 N. Y. Supp. 363; Peggo v. Dinan, 72 App. Div. 434, 435, 76 N. Y. Supp. 565.

There is much confusion in interpreting the decisions on this point, due to failure to note whether the cases were in equity or at law, or, if the latter, whether tried by a court without a jury, or not. In trials in equity, or by a court without a jury, a judgment of dismissal, under section 1209 of the Code, would be merely a nonsuit. The addition of the words "upon the merits" are necessary, if so intended. See Deeley v. Heintz, 169 N. Y. 129, 133, 62 N. E. 158; Ware v. Dos Passos, 162 N. Y. 281, 283, 56 N. E. 742; Trimble v. N. Y. Central R. R. Co., 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115. The error, however, even in trials by jury, seems to be regarded as only one of form, and the judgment roll will be examined to ascertain what the actual ruling may have been. Stumpf v. Hallahan, supra; Niagara Fire Ins. Co. v. Campbell's Stores, supra; Dillon v. Cockcroft, 90 N. Y. 650.

In the case at bar the judgment was rendered after both sides had rested, and the defense is of a character to completely defeat plaintiff's cause of action. It was, therefore, proper for the judge presiding at the trial to have directed a verdict for the defendant.

Consequently, with the qualification above expressed as to the regularity of the practice, the order is affirmed, with $10 costs and disbursements. All concur.